EDITH CULLUMBER et al., Appellees, v. ERNEST C. STAHL et al., Appellants.

**VENDOR AND PURCHASER:** Contract—Dependent (?) or Independent (?) Provisions—Rescission. A contract by a purchaser of land to pay the major portion of the price, with annual interest, during a period of ten years, with right to demand deed when a named sum has been paid, and also to pay one half of the taxes prior to obtaining deed, is *independent* of another portion of the same contract obligating the vendor to pay an existing mortgage on the land ''as the same may become due.'' It follows that the act of the vendor in renewing for a series of years the existing mortgage which he had agreed to pay, furnishes the purchaser (1) no defense to an action to recover overdue interest and taxes, and (2) no basis for a rescission of the contract.

**RECEIVERS:** Vendor's Action for Overdue Payments—Insufficient Showing. In an action by a vendor of land to recover of the purchaser overdue payments, a receiver should not be appointed to take possession of the premises and to apply the rents on matured and future-maturing installments, when there is no adequate show-

ing of the value of the land or of the insolvency of the purchaser, or of the commission of any waste by him.

**Headnote 1:**   39 Cyc. pp. 1306, 1308, 1607.   **Headnote 2:**   34 Cyc. p. 58.

*Appeal from Linn District Court.*—ATHERTON B. CLARK, Judge.

## APRIL 7, 1925.

## REHEARING DENIED JUNE 25, 1925.

SUIT by vendors, to recover certain installments of interest and taxes due from vendee under a contract for the sale of real estate, and to establish a lien therefor upon the premises. The defendants, by cross-petition, seek a rescission of the contract, on account of a claimed breach in the terms thereof on the part of the plaintiffs. The court rendered judgment and decree as prayed by the plaintiffs, appointed a receiver to take possession of the property, and dismissed the defendants' cross-petition. The defendants appeal.—*Affirmed in part; reversed in part.*

*E. C. Preston* and *Charles J. Haas,* for appellants.

*Louis H. Kepler* and *Johnson, Donnelly & Lynch,* for appellees.

FAVILLE, C. J.—I.   On November 26, 1919, appellees entered into a written contract with appellants, by which appellees sold and agreed to convey to appellants an 80-acre tract of land in

1. VENDOR AND PURCHASER: contract: dependent (?) or independent (?) provisions: rescission.

Linn County, for the agreed price of $18,000. $1,000 of the purchase price was paid at the time of the execution of the contract; $2,000 was to be paid March 1, 1920, at which time possession of the premises was to be given; and the balance, of $15,000, under the terms of the contract, was to be paid March 1, 1930. The contract provided that the vendee might pay the deferred payment in any multiples of $100 on the first day of March of each succeeding year; and that, when the total amount of $8,000 had been paid upon the premises, the vendors should execute a deed to said premises; and that the

remaining portion of the purchase price should be represented by a mortgage on said premises. The contract provided that, as part of the consideration thereof, each party to the contract was to pay one half of all the taxes levied against said property during the life of the contract, or until such time as a warranty deed was delivered; and it was further agreed, as a part of the consideration, that a certain mortgage then outstanding on the premises, executed by the vendors to the Commercial Savings Bank, "will be paid by the parties of the first part as the same may become due." The outstanding mortgage was for the principal sum of $10,000, securing two notes: one in the sum of $4,700, maturing March 1, 1920, and the other in the sum of $5,300, due March 1, 1923. Appellants took possession of the said premises, under the contract, on March 1, 1920, and made the cash payment due on said date, making a total, including the down payment, of $3,000 paid by them upon the purchase price. Appellants defaulted in the payment of interest which became due on March 1, 1923, and also in the installment of interest due March 1, 1924, and failed to pay one half of the taxes due in 1923 and one half of the taxes due in 1924. No further payments were made upon the purchase price of the premises by appellants. It appears that appellees paid $1,800 on the outstanding mortgage to the Commercial Savings Bank, leaving a balance due thereon of $8,200, and that appellees obtained an extension of the time of payment of said mortgage to March 1, 1930, the date that the remainder of the purchase price of $15,000 from appellants became due. This action was brought to recover judgment against appellants for the amount due on the installments of interest that were unpaid, and for the one half of the taxes which appellants were required to pay, under their contract. Appellants, by cross-petition, seek to rescind the contract and to recover the $3,000 of the purchase price paid by them. By the terms of the contract, appellants undertook and agreed to pay the installments of interest on the balance of the purchase price, and one half of the taxes on the premises during the life of the contract.

There is no question but that appellants have failed to make said payments; therefore, if there were nothing else involved in the case, appellees would be entitled to judgment against ap-

pellants for the amount of said installments of interest and one
half of the taxes which appellants were to pay. Neither is there
any serious question of the right of appellees to have a vendor's
lien established against the premises, junior to appellees' right
to have a vendor's lien for the balance of the purchase price;
and, of course, all of the same subject to the outstanding mort-
gage to the Commercial Savings Bank. The important question
in the case, therefore, is whether or not appellants, who are in
default by reason of the failure to pay the interest installments
and the taxes, are in a position to rescind the contract and re-
cover the portion of the purchase price that has been paid. Ap-
pellants contend that they are entitled to rescind the contract
and recover the purchase price paid by them, because of the
claim on their part that appellees have breached the terms and
provisions of the contract, in that they have failed to perform the
clause of the contract which provides that the mortgage which
was outstanding on the premises at the time the contract was
signed, in the sum of $10,000, to the Commercial Savings Bank,
"will be paid by the parties of the first part [vendors] as the
same may become due." Appellants' contention at this point is
that the said mortgage of $10,000 secured two notes, one of
which was due March 1, 1920, and the other due March 1, 1923,
and that the same had not been paid by the parties of the first
part "as the same became due." It appears to be conceded that
appellees had paid $1,800 on said mortgage, and that they had
procured from the mortgagee an agreement extending the time
of the payment of the balance due on said mortgage, to wit,
$8,200, until March 1, 1930, said extension agreement providing
for a payment of interest at 6 per cent, a higher rate than the
original mortgage drew. It is to be noticed that appellants in
no way obligated themselves to pay this outstanding mortgage.
It was the indebtedness of appellees, which they agreed to pay
as the same became due.

It is the contention of appellants that the clause of the con-
tract obligating appellees to pay the outstanding mortgage upon
the premises, and the clause requiring appellants to pay interest
on the balance of the purchase price and one half of the taxes
on the premises, were interdependent, and that appellees can-
not recover for a breach of the conditions of the contract on the

part of appellants without first complying with the terms and conditions of the contract on their own part, by paying the outstanding mortgage. We do not construe these clauses of the contract as being dependent. The primary obligation of appellees, under the terms of the contract, was to execute and deliver to appellants a warranty deed, together with an abstract of title showing a clear record title in appellees. Appellants, on their part, were to have possession of the premises, and undertook and agreed to pay the balance of the purchase price, with 5 per cent interest thereon, payable on the first day of March of each year during the life of the contract, and until, under the terms of the contract, a deed was to be executed and delivered and a mortgage given back. Appellees also obligated themselves, during said time, to pay one half of all the taxes levied against said premises until the time when deed should be delivered.

As we construe the contract, the covenant on the part of appellees to remove and pay off the outstanding mortgage on the premises was entirely independent of the covenant on the part of appellants to pay the interest on the deferred payment and one half of the taxes. Time was not made of the essence of the contract in regard to the payment of the outstanding mortgage by appellees. The mortgage indebtedness was reduced to $8,200. Appellants still retained $15,000 of the purchase price, and were in possession of the premises. Their possession was notice to the world of their rights in and to the premises, which, under such circumstances, could not be affected by the act of appellees or any other person. The payment of the outstanding mortgage on the premises by appellees was not a condition precedent to the obligation on the part of appellants to pay the interest on the deferred payments and one half of the taxes as the same became due. As previously stated, the obligations on the part of the parties were independent, rather than dependent. Appellants make no claim that any damages had accrued or could accrue to appellants by the failure of appellees to pay off the outstanding incumbrance upon the premises before appellants had paid the balance of the purchase price, or were entitled to a conveyance from appellees. Appellants were in a position to fully protect themselves by having in their

possession $15,000 of the unpaid purchase price, far in excess of the amount due on the outstanding incumbrance. Under the terms of the contract, on the first day of March they could have paid or tendered the balance of the purchase price, and demanded the execution and delivery of a warranty deed by appellees, together with an abstract showing a clear title to said premises in appellees. It therefore rested within the power of appellants to have placed appellees in default on any first day of March, had they seen fit so to do. But we think that the covenants of the contract are so independent that appellants are not relieved from their obligation to pay the interest and taxes, as required by the terms of their contract, merely because appellees had not paid and removed the outstanding incumbrance upon the premises when the same became due.

Nor do we think that appellants were entitled to a rescission of the contract and a recovery of the portion of the purchase price that had been paid, because of a failure on the part of appellees to perform the independent covenants of the contract and remove the outstanding incumbrance at the very date it became due. Appellants have had possession of the premises at all times since the 1st of March, 1920. They are admittedly in default upon the payment of interest and taxes, as required by the terms of the contract. They are not entitled to rescind said contract and recover the purchase price paid until they at least put appellees in default upon the subject-matter of the contract, by demanding deed and conveyance of title free and clear of all liens and incumbrances. This they have not done; and they have been at all times in position to amply protect themselves, in view of the balance of the purchase price which remains in their hands. They have not tendered performance on their part, nor demanded performance of the contract on the part of appellees by conveyance of the premises, in accordance with the contract.

We reach the conclusion that the trial court did not err in holding that appellees were entitled to a judgment against appellants for the interest and taxes that remained unpaid, and in establishing the same as a lien upon appellants' interest in the real estate in question, junior to appellees' further rights under said contract. Likewise, the court did not err in dis-

missing appellants' cross-petition, wherein appellants sought a recovery of the portion of the purchase price that had been paid, and a rescission of the contract.

II. The trial court, by the decree, appointed a receiver of said real estate, "with full authority to take immediate possession thereof, to care for, lease, and manage the same and collect the rents and profits thereof and apply the

2. RECEIVERS: vendor's action for overdue payments: insufficient showing.

proceeds so collected upon plaintiffs' judgment herein and the sums hereafter becoming due under said contract." The decree also provided that appellants should have 30 days from the date thereof in which to pay the said judgment, and that execution should be withheld for that length of time, before commission should issue to the receiver; the decree, however, providing that, during said period of 30 days, appellants herein should take "good and proper care of the premises and crops thereon during such period, and upon a showing of their failure so to do, that the receiver should take immediate possession of the premises."

The contract contained no forfeiture clause, and appellees were in no way entitled to a forfeiture of the contract upon notice, under the statute. There is no evidence that appellants were committing or had committed any waste upon the premises. At the time of the entry of the decree, the evidence shows, there was a corn crop of 62 acres growing upon the premises. The evidence as to the value of the real estate at the time of the trial is very meager and unsatisfactory. The evidence tends to show that the rental value at said time was about $6.00 per acre. Appellants were in possession of the premises, with a considerable amount of live stock and machinery located thereon, and were engaged in operating the farm at the time of the trial. Outside of the obligations to pay the balance of the purchase price on the contract in question, there is a failure to show insolvency on the part of appellants; and the question as to whether or not the real estate was worth, on the market, the balance due on the purchase price of the land, is left rather in the realms of inference and speculation. We are of the opinion that appellees failed to make a showing in the case that justified the court in the appointment of a receiver, clothed with

authority to take immediate possession of the premises in question and collect the rents and profits therefrom.

The decree appealed from will be affirmed, in so far as it provides for the entry of the judgment in favor of appellees and against appellants. It will be modified by eliminating therefrom all provisions for the appointment of a receiver. The costs in this court will be taxed, one half to appellants and one half to appellees.

It is so ordered.—*Affirmed in part; reversed in part.*

EVANS, ARTHUR, and ALBERT, JJ., concur.