C. L. COPPLE et al., Claimants, Appellants, v. J. W. MORRISON, Executor, Appellee.

No. 42918.

184

DECEMBER 17, 1935.

REHEARING DENIED APRIL 8, 1936.

Welch & Mueller, for appellants.

C. W. Kellogg, for appellee.

ANDERSON, J.—This is an action involving a claim filed in the estate of John A. Heterick, deceased, for money paid on a real estate contract; the contract having been entered into between C. L. and Rose Copple, claimants-appellants, and a guardian of the deceased, John A. Heterick. At the time the contract for the sale of the real estate was made, the title thereto was held by John A. Heterick in trust for himself and others. The claim was not filed against the estate of John A. Heterick, deceased, until more than a year after the appointment of an executor and the publication of the notice of such appointment. The claimants claim equitable reasons why the claim was not filed within the statutory period, and why they should be entitled to file and prove the same after such period. Such reasons are claimed to be that the claimants had no knowledge of the situation or condition of the title or legality of their contract for the purchase of the land in question until after the expiration of the year within which claims should be filed. The defenses to the claim and petition of the claimants were a general denial; that it was not filed within time and was barred by the statute of limitations; that it was not a proper claim against the John A. Heterick estate, and was never a liability either of the deceased or of his estate. There was a trial to the court resulting in a denial of plaintiffs' claim and their right to file the same against the John A. Heterick estate. The claimants appeal.

The facts as disclosed by the record are not in serious dispute. John A. Heterick obtained a deed to the real estate in question and on the same day that he received such deed executed an article of trust in which it was provided that he took and held the title as trustee only, and for the following purposes: first, to pay liens and claims against the real estate; second, to pay claims of the First National Bank of Logan, Iowa, against the grantor; third, any balance remaining as the proceeds of said real estate to be the property of C. N. Wood, and the trustee, John A. Heterick. Later Heterick became mentally incompetent. An application for the appointment of a guardian for his property was filed in the district court of Harrison county, Iowa, and pursuant to said application one C. N. Wood was appointed as such guardian on the 8th day of September, 1930; Wood qualified as such guardian and continued to act until the death of John A. Heterick, which occurred about September 1, 1931. The final report of the guardian was filed on October 2, 1931, and the guardianship closed. On October 30, 1933, an application was filed by the beneficiaries of the John A. Heterick estate and the cestuis que trustent under the article of trust, asking that said guardianship proceedings be reopened, and under such application the proceedings were reopened, and C. N. Wood was reappointed guardian under the order of court, and qualified as such. On October 30, 1933, C. N. Wood was appointed trustee of the real estate involved to succeed Heterick, and both of said appointments, that is, C. N. Wood as guardian, and C. N. Wood as successor trustee, seems to have been continued up to the time of the trial of this case. An application was made by the guardian to sell the trust real estate in September, 1930. Notice of the pendency of such application was served on the ward, John A. Heterick, in a foreign state; pursuant to such application and notice the court on December 4, 1930, made an order approving the sale of the real estate in question, and the contract was entered into between C. N. Wood, guardian, and the claimants, C. L. and Rose Copple. The contract of sale was actually signed and executed on the 19th day of September, 1930. Under this contract the claimants entered into the possession of the real estate and paid to the guardian thereon the sum of $3,225.75. On the 28th day of September, 1932, the claimants had prepared and served upon the executor of John A. Heterick estate, upon C. N. Wood, guardian, and

upon the cestuis que trustent under the article of trust, and at least upon some of the heirs of John A. Heterick, deceased, a notice of rescission of the contract for the sale of the real estate in question. The notice of rescission recites that the appellants Copple had entered into the contract for the purchase of the real estate involved, agreeing to pay therefor the sum of $18,290, and that they had paid thereon the sum of $3,000 together with some interest; that they went into possession of the real estate on the 1st of March, 1931, and still retained the possession thereof; that the guardian had no authority from the court to make and enter into the contract for the sale of said real estate; and that the application for the sale of said real estate and the order approving the same was entered after the date of said contract, and on the 14th day of December, 1930; and further that John A. Heterick did not own the real estate in question at the time of the making of the contract for the sale thereof by his guardian; and that his guardian in any event would not succeed to the title of the trust property and had no authority to contract to sell and convey the same. The notice contained the further statement that on account of the condition of the title of the premises involved and the inadequacy of the proceedings in court approving the said contract and the inability of the guardian as vendor to perform the conditions of the said contract, the grantees, Copples, elect to rescind, cancel, and terminate the said contract. The claimants, grantees, make in said notice a tender of all their right, title, and interest in the premises and offer to surrender the possession thereof, and demand the return of the $3,000 paid upon the contract. They offer, however, in the said notice to allow a credit upon the amount paid by them in the sum of $600 for each year they had been in possession of the real estate, for the use of the same. At that time they had been in possession of the real estate three years, but at the time of the trial of this action they were still in possession and have been in possession at least four and possibly five years.

On the same date that the foregoing notice of rescission was served, the claimants filed their claim against the estate of John A. Heterick and served notice upon J. W. Morrison, the executor thereof, of the filing thereof, and later filed amendments to their claim in which they recite that the district court of Harrison county, Iowa, had no jurisdiction to appoint a guardian

of the property of John A. Heterick for the reason that at the time of such appointment Heterick was not an inhabitant of the state of Iowa, and was not served with the notice of the pendency of the petition for the appointment of guardian in a manner required by law; and that by reason thereof the appointment of the guardian was a nullity, and all proceedings had under such appointment including the making of said contract with the claimants were without jurisdiction and null and void.

The issues, both as to the allowance of the claim and the issues raised by the petition in equity permitting the filing of the claim after the expiration of the statutory period, were tried and submitted to the court as one case, and the court found that the claim was not a valid claim against the estate; that no equitable reasons appear for relieving the claimants from the bar of the statute; and that the claim should be dismissed. From this order the claimants have appealed.

■■■ In the consideration of the issues presented on this appeal we are met at the threshold with the undisputed fact that John A. Heterick held title to the land in controversy in trust only, and that he was not the real owner of the property. We have above recited the provisions and conditions of the trust, over which there is no dispute. We are faced with the further fact that under the law an executor has no authority to act in reference to property of which his deceased was a trustee only. See section 12058 of the Code, which provides: ''An executor or administrator has no authority to act in a matter wherein his decedent was merely executor, administrator, or trustee.''

It must thus be concluded that the contract made by the guardian was in no sense a contract of the decedent. The trust property was held for the benefit of the persons named in the article of trust. The contract could in no sense be held to create an indebtedness against the estate of the deceased trustee. The death of the trustee does not end the trust, and a successor in trust may be appointed upon the application of any one interested in the trust; and when a new trustee is appointed his appointment dates back to the inception of the trust. Parkhill v. Doggett, 135 Iowa 113, 112 N. W. 189.

■■■ The installments due upon the contract in suit were represented by promissory notes executed by the purchasers, Copples. $5,700 of these notes were made payable to the First

National Bank of Logan, one of the cestuis que trustents. A part of the money paid on the contract by the Copples was used as a payment on a mortgage which was a lien upon the real estate involved. So far as the trustee, Heterick, or his guardian were concerned in the transaction here involved, it appears that the entire transaction was for the benefit of the cestuis que trustent. After the death of Heterick, the title to the trust property vested in the cestuis que trustent and not in the estate of Heterick. It follows that if the guardian had no authority to enter into the contract in question because he could not legally act for his ward, it could in no sense become an obligation of his ward, and this is especially true where the property was trust property and not the property of the ward. On the other hand, if the guardian had authority to make the contract he was in fact acting as trustee, and before the time for the execution of a conveyance under the contract he had been appointed by the court successor trustee and could have carried out the provisions of the contract.

 Even if the guardian was not legally appointed or did not have sufficient authority to make or carry out the terms of the contract, we are met with the proposition that even though the guardian or his ward had no title to the property and were unable to perform, it is necessary, before rescinding, for the purchaser to make at least a technical tender of performance. Primm v. Wise & Stern, 126 Iowa 528, 102 N. W. 427.

Under the contract the deed was not due to the grantees, Copples, until 1943, and time was made of the essence of the contract. If therefore, before a tender of performance on the part of the grantees putting the grantor in default, the grantor had placed himself in a position to convey, the grantees could not possibly be harmed. The appointment of a successor trustee by the court placed the grantor in a position to carry out the terms of the contract, and in such event the grantees could not be harmed, even if the guardian had no authority to enter into the contract.

In Cullumber v. Stahl, 200 Iowa 104, 109, 203 N. W. 270, 272, we said:

"Appellants have had possession of the premises at all times since the 1st of March, 1920. * * * They are not entitled to

rescind said contract and recover the purchase price paid until they at least put appellees in default upon the subject-matter of the contract, by demanding deed and conveyance of title free and clear of all liens and incumbrances.''

Most of appellants' argument is based on the contention that the guardian of Heterick was never legally appointed by the court and had no power or authority to contract for his ward. In our view of the case it makes little or no difference whether the guardian was legally appointed or not, for the reason that the trust property never became a part of the Heterick estate; and it follows that no liability on the part of the estate could be created.

It is of course statutory that claims not filed within twelve months from the giving of notice of the appointment of an executor or administrator are barred and cannot be allowed unless there are equitable grounds established for their allowance, and an order of court permitting them to be filed as claims against the estate. Code section 11972. Under this record, we are unable to find that the claimants have shown equitable grounds sufficient to permit the filing and allowance of their claim, even though they were not precluded from doing so by other matters appearing in the record, which we have heretofore discussed.

Under the facts as disclosed by the record, the claimants may or may not have a claim against the guardian individually or against the cestuis que trustent. This matter, however, is not before us on this appeal, and we express no opinion thereon.

There appears very little, if any, difference between the amount paid upon the contract by the Copples and the amount that they are willing to allow for the use and possession of the real estate during the period they have been in possession thereof, and we cannot see how the claimants have been damaged in any appreciable amount even though they are denied a recovery for the amount they have paid upon the contract.

We are satisfied with the finding and decree of the trial court and feel that it is correct on a consideration of the whole record. An affirmance necessarily follows.—Affirmed.

KINTZINGER, C. J. and DONEGAN, MITCHELL, HAMILTON, POWERS, ALBERT, and PARSONS, JJ., concur.