Friend v. Oggshaw.

FRIEND v. OGGSHAW.

(1883 Term.)

ACTION TO RECOVER MINING CLAIM—ISSUES—DISMISSAL ON MOTION—RIGHT TO TRIAL.

Comp. Laws, p. 67, § 263, provides that in actions for the recovery of real property "the issues of fact arising therein shall be tried by a jury, unless a jury trial is waived." Other statutes provide that in case a jury is waived the trial may be by the court. *Held*, that where, in an action for the recovery of a mining claim, part of the material facts alleged in the petition were admitted and part denied in the answer, it was error to dismiss the action on motion and affidavits supporting defendant's claim, and deny plaintiff the right to a trial on the issues.

Appeal from district court, Carbon county.

Action by John C. Friend against Thomas Oggshaw to recover possession of a mining claim. From an order dismissing the case on motion after issue was joined, without trial, plaintiff appeals. Reversed.

SENER, C. J.    This was an action brought in the district court in and for Carbon county, in this territory, on the 23d of June, 1874, by the plaintiff in error, under the act of congress (section 7) passed May 10, 1872, "to promote the development of the mining resources of the United States," and this section is the same as section 2326 of the Revised Statutes of the United States. The plaintiff in the court below, in his amended petition, alleged himself the discoverer of a mineral-bearing vein or lode on the lands of the United States, two miles north of the town of Rawlins, in the county of Carbon, territory of Wyoming, and proceeded to allege, presumably, the facts otherwise necessary to sustain his adverse claim, and that the defendant had done certain acts infringing upon his claim, and praying the judgment of the court in his favor. The defendant answered, and admitted that on the 2d of January, 1874, he had applied to the land office of the United States at Cheyenne for a patent to a claim on the Rawlins lode, which said claim was and is of the dimensions alleged in the plaintiff's amended petition.

The answer denied all the other allegations of the plaintiff, each and every one of them; and so, on the filing of the answer, by operation of our statutes, issues were joined on the facts alleged on the one hand and denied on the other, in this action for the recovery of this real property, (Comp. Laws Wyo. § 124, p. 48;) for recovery of real property means nothing more than "to obtain by judicial proceedings," (Abb. Law Dict. tit. "Recover.") This being true, it is provided by Comp. Laws Wyo. p. 67, § 263, as follows: In actions for the recovery of real property, "the issues of fact arising therein shall be tried by a jury, unless a jury trial is waived." Then, of course, by another provision of the statutes, all trials may be by the court. But in this case there was no such trial. In its stead, however, the district court for Carbon county dismissed the action upon a motion of the defendant, supported only by his own affidavit, alleging that he had a patent from the executive of the United States for the land in controversy, although the patent itself, as far as the record shows, was not presented.

The question whether the defendant had a patent was a matter to be determined by evidence on the trial. As to its effect, it is not necessary here to speak. That question is not before us. This was done on the 14th of February, 1878, against the consent and over the objection of the plaintiff, and his exception duly noted at the time. The plaintiff filed his motion to have the order dismissing his action set aside, which, after being considered, was overruled; the plaintiff, in his motion to set aside the order dismissing the action, alleging that the granting of said motion was erroneous—*First*, in rendering judgment against the said plaintiff; *second*, because the ruling of the court in sustaining said motion was contrary to law. The last assignment really embraces both, and is, we think, good. At the last term of this court, this question of dismissing ac-

Ivinson v. Hutton.

tions on the defendant's motion, and against the objection and will of the plaintiff, was exhaustively considered, in the case of Mulhern v. Railroad Co., 2 Wyo. 465, to which reference is here made. That case, it is true, differs slightly from this in the fact that there a jury had been impaneled, but inasmuch as neither at common law, nor by the statutes of this territory, can a suit be dismissed where the plaintiff was in no default as to appearance, parties, or allegations that he had failed to prosecute with diligence or had failed to obey some order concerning the proceedings in the action, neither of which grounds are alleged in the motion which was sustained in the court below, and to which exception was taken, and is under review here, we are compelled to conclude, under the statutes of Wyoming, this being an action for the recovery of real property, that the plaintiff was entitled to a trial upon the issues of fact arising in the action. This being true, it follows that the final order entered in the court below upon the motion to dismiss must be vacated, and this case remanded to the district court in and for Carbon county, for a trial to be had therein. Order vacated, with costs in both courts on this motion.