OF THE

## STATE OF IOWA

AT .

## DESMOINES, JANUARY TERM, 1908.

AND IN THE SIXTY-SECOND YEAR OF THE STATE.

---

R. L. BOWE, Appellant, v. ADA M. FRINK AND NATHAN
FRINK.

Contract for services: *quantum meruit: resjudicata.* A suit for
1 breach of contract and on *quantum meruit.* may be joined
in the same action by pleading the same in separate counts,
and plaintiff can not be required to elect on which he will
rely; so that a judgment for defendant on his counterclaim
for a sum paid plaintiff for labor, in a suit to inforce a me-
chanic's lien therefor, is a bar to a subsequent action on
*quantum meruit,* the plaintiff in his lien action being found
entitled to no compensation.

Conversion. A cement sidewalk attaches to and becomes a part
2 of the realty and is not subject to removal; and one con-
structing the same cannot recover for his labor on the theory
that its use amounts to a conversion by the owner of the
property.

VOL. 137 IA.—1

*Appeal from Linn District Court.*— HON. WM. G. THOMP-
SON, Judge.

TUESDAY, JANUARY 14, 1908.

ACTION to recover *quantum meruit* for a cement walk
constructed for defendants by plaintiff under a contract, and
also to recover damages for the conversion of such walk.
There was a directed verdict for defendants, and from the
judgment thereon plaintiff appeals.— *Affirmed.*

*John N. Hughes,* for appellant.

*Crosby & Fordyce,* for appellees.

MCCLAIN, J.— The cement walk constructed for defend-
ants on premises at the time belonging to defendants was
laid under a specific contract, and a portion of the specified
price was paid.    Thereafter the plaintiff sued for the bal-
ance of his compensation under the contract, but was de-
feated of his recovery by evidence establishing the defense
that the walk was not such as was called for by the terms of
the contract.    Plaintiff now sues for value of the walk
constructed by him over and above the amount paid there-
for, and in a second count asks damages for the conversion
of the walk by the defendants, who after the determination
of the first action sold the premises to another.    The claims
of plaintiff are, first, that although he did not comply with
his contract so as to be entitled to recover the agreed com-
pensation, he had conferred upon defendants a benefit for
which he is entitled to be paid; and, second, that upon de-
fendants' refusal to accept the walk it remained the property
of plaintiff with the right to remove it, and that defendants
have converted it to their own use to plaintiff's damage by
selling the premises to another without reserving such right
of removal.    Defendants plead a prior adjudication as to
plaintiff's recovery for the value of the walk, and deny the
conversion.

The proceedings in the former case in which plaintiff sought to recover the compensation provided for in the contract, which proceedings are fully made to appear in the

**1. CONTRACT FOR SERVICES:** *quantum meruit: res judicata.* record in this case, disposed of any claim of plaintiff to recover *quantum meruit.* The first action was not, as plaintiff assumes, brought merely for the recovery of the compensation provided for in the contract. The petition in that action was in equity for the foreclosure of a mechanic's lien, and it was alleged that, pursuant to an oral contract, the plaintiff furnished material and performed labor for defendants in front of and upon defendants' premises, for which he was entitled to a lien in the sum of $130, of which $65 had been paid. The defendants admitted the contract, but denied its performance, alleging that as a part of the contract it was agreed by plaintiff that the walk constructed would be and remain in first-class condition for the period of at least three years, and that while plaintiff had performed labor and furnished material, under pretense of compliance with such contract, it was not performed in accordance with the terms thereof, and the material and labor furnished and performed were not of the value of $130, or any other value capable of estimation. Defendants also in that action interposed a counterclaim for damages in the sum of $95, of which $65 was the amount paid plaintiff for the walk in question, and $30 paid for the construction of another walk. To this counterclaim plaintiff replied, denying that the contract was not fully performed. In that action there was a judgment for defendants on the counterclaim for the $65 paid plaintiff on account of the walk in question. It is evident that the judgment on the counterclaim involved the determination that plaintiff was not entitled to retain the $65 paid either on account of performance of the contract or for benefits conferred upon the defendants by the construction of the walk. While the plaintiff could not, in his action for breach of a specific contract, recover *quantum meruit* without separate

allegation of the facts entitling him to such compensation (*Lines v. Lines,* 54 Iowa, 600; *Walker v. Irwin,* 94 Iowa, 448), yet he might in his action for breach of contract have added a separate count on *quantum meruit* (*Wernli v. Collins,* 87 Iowa, 548), and, if he had done so, could not have been required by defendant to say on which count he was proceeding, but could have recovered whatever was due whether on contract or on *quantum meruit* (*Tuffree v. Binford,* 130 Iowa, 532). The former adjudication was conclusive as between the parties, not only as to recovery on the specific contract, but as to any claim for the services rendered in the attempting to perform such contract. The plaintiff in his equitable action to enforce a mechanic's lien could have had any relief to which he was entitled on account of services rendered in the improvement of defendants' property although performance of the specific contract was not made out. *Green Bay Lumber Co. v. Miller,* 98 Iowa, 468. The adjudication that plaintiff was not entitled to recover anything, and was bound to pay back the money received, is conclusive that plaintiff is not now entitled to recover anything by way of *quantum meruit. Madison v. Garfield Coal Co.,* 114 Iowa, 56.

As to the alleged conversion, it is sufficient to say that, when plaintiff attempted to construct a permanent walk on defendants' property, he so far attached the walk he constructed to the property that it became a part thereof, and was not subject to removal by him as his own property. This was necessarily the theory on which the action for foreclosure of a mechanic's lien was predicated. The walk was of a permanent nature, and necessarily passed by a conveyance by defendants to their grantee. Neither as against the defendants nor as against their grantee would plaintiff have the right to take up the walk and carry it away, even though as thus taken away it would have been of value. Cases cited by appellant with reference to conversion of personal property, which has, after the con-

2. CONVERSION.

version, been attached to the realty so it cannot be removed, have no application here. It was plaintiff's own act which attached the material to and incorporated it with the realty of defendants so that it could not be removed.

On no theory was the plaintiff entitled to recover in this action, and the judgment against him is *affirmed.*