A. H. RAYMOND, Appellee, v. DAVID STINSON, Appellant.

**BROKERS: Compensation—When Earned.** A broker who is employed
1 to find a purchaser of property on terms to be dictated by the owner earns his commission when he produces a party to whom the owner dictates terms which embrace a time limit for acceptance, provided that the proposed purchaser accepts within said time limit and is ready, able, and willing to carry out his acceptance; and this is true even though the owner, within said time limit, countermands his offer to the prospective purchaser.

**PLEADING: Matters Specially Pleadable—Cancellation of Contract.**
2 The cancellation of a contract, as a defense to an action on the contract, must be specially pleaded.

**APPEAL AND ERROR: Harmless Error—Inconsequential Matters.**
3 One who is permitted to testify fully as to the value of his property may not complain that he was prevented from testifying to inconsequential conditions surrounding the property.

**TRIAL: Instructions—Neutralizing Improper Argument.** Cautionary
4 instructions intended to neutralize the effect of improper and unwarranted argument to the jury are proper.

*Appeal from Jasper District Court.*—D. W. HAMILTON, Judge.

NOVEMBER 13, 1923.

ACTION at law, to recover an agent's commission for finding a purchaser for real estate. The defense was a general denial. There was a verdict and judgment for the plaintiff, and defendant appeals.—*Affirmed.*

*Korf & Korf* and *Ross R. Mowry,* for appellant.

*E. M. S. McLaughlin,* for appellee.

EVANS, J.—I. It is the contention of plaintiff, both by his pleading and by his evidence, that he was employed by the defendant to find a purchaser for defendant's real estate, upon terms to be fixed by the defendant; that he brought together the defendant and one Patty, as a proposed purchaser by way of exchange of farms; that, in the negotiations between the defendant and Patty, the defendant named the terms upon which he would exchange, and made an offer accordingly; that this occurred on May 28th, and that he gave to Patty until the first day of June to inspect the defendant's land and to accept the offer; that Patty did on such date accept the offer; and that the defendant refused to perform.

1. BROKERS: compensation: when earned.

From the defendant's evidence, it appears that he did make an offer to Patty on May 28th, which was Saturday, and that he gave him until Monday, May 30th, to accept the same; that, later in the day on May 28th, he withdrew the offer, and notified the plaintiff that he fully declared the "deal off," and that this was done before any purported acceptance by Patty.

The jury allowed the commission for the full amount claimed. The grounds of reversal urged by the appellant are directed largely against the instructions and against the general theory upon which the case was tried. The court instructed, in substance, that, if the contract was proved by the plaintiff, and if the plaintiff produced Patty as a customer, to whom the defendant stated the terms upon which he would exchange, and if Patty, within the time agreed on, accepted the offer, and was at all times ready, able, and willing to perform, then the plaintiff was entitled to recover, regardless of whether defendant withdrew his offer to Patty or whether he legally bound himself to Patty in any manner.

Appellant urges upon us that the defendant had a right to withdraw his offer at any time before its acceptance, regardless of whether he gave time to Patty for acceptance or not. Let that be granted. This would show only that he never bound himself to Patty in a legal sense. This would not negative his liability to the plaintiff, if his contract was what the plaintiff claims it to be. Assuming such to be the contract, as the jury found, then plaintiff's commission was earned when he produced a pur-

chaser who was ready, able, and willing to buy, upon the terms then fixed by the defendant. Defendant's liability to the plaintiff was not controlled by his nonliability to Patty. As between him and Patty, the defendant had a right to change his mind, and to withdraw his offer before acceptance. But this would not discharge his liability for the commission earned, if Patty stood ready, able, and willing to perform. The argument of appellant implies somewhat that defendant not only had a right to withdraw his offer, but that, after he informed the plaintiff of that fact, he had a right to terminate the power and agency of the plaintiff at any time before Patty had indicated his acceptance of the offer. Granting that the defendant had a right to terminate the agency of the plaintiff at any time, and granting that his evidence had some tendency to show that he terminated such agency, and that the plaintiff had no further right to present an acceptance from Patty at a later date, yet no such issue was tendered by the defendant in his pleading. His answer was a general denial. By his evidence he denied the agency of the plaintiff, and claimed that plaintiff was the agent of Patty. The jury found against him on that issue. If it be true that, on the 28th of May, he did withdraw his offer and call the deal off, and did so inform Raymond, it was an affirmative avoidance of the contract pleaded by the plaintiff, and such an avoidance should have been pleaded by the defendant in his answer. The failure of the court to instruct upon that issue was justified by the defendant's pleading.

2. PLEADING: matters specially pleadable: cancellation of contract.

II. Under the contract as pleaded by the plaintiff, and as testified to by him, the defendant was to pay a commission of 2 per cent upon the valuation fixed by the defendant in the proposed trade, and such price was fixed by the defendant at $300 an acre. As a witness, the defendant denied that he fixed any price in the proposal of exchange, and denied, in effect, that the farm was worth any such price. He was asked by his counsel to describe the farm, and as to whether or not "the river runs through that farm." This evidence was ruled out, on objection, and error is assigned upon such ruling. The claim is that this was preliminary to proving the value of the farm. The defend-

3. APPEAL AND ERROR: harmless error: inconsequential matters.

ant was permitted to testify that he had been offering the farm, both to the plaintiff and to others, for $200 an acre. We see no materiality to the preliminary questions above indicated.

III. The trial court gave Instruction No. 6½, wherein the court instructed the jury that there was no issue of fraud in the case, and that any contention of that kind should be dis-

4. TRIAL: instructions: neutralizing improper argument.

regarded by them. Complaint is made of this instruction because it instructed upon a subject and an issue not made by the pleadings. The instruction itself distinctly so states. It is purely negative and precautionary. It carries upon its face evidence that it was intended as a precaution against improper argument before the jury. This sometimes happens in the trial of jury cases. When it thus happens, it is entirely proper that the false issue be negatived in some proper way by the court. If alleged fraud was not put forward as an argument to the jury, then, of course, there was no occasion for the instruction. It is equally true that in such an event the instruction would be quite innocuous. The instruction could inflict injury only upon an argument that had been predicated upon alleged fraud. Attorneys do sometimes, though perhaps seldom, sally forth outside of the record in unlawful quest of quarry. If, when they return with the fruit of the chase, they find a game warden at the gate who restores their *status quo,* it behooves them, in such eventuality, to bear their destitution with the uncomplaining equanimity of ordinary sportsmanship.

We find no error in the record. The judgment below is, accordingly, affirmed.—*Affirmed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.