CHARLES G. LOWERY COMPANY, Appellee, v. PETER LAMP,
Appellant.

**PLEADING:** Amendments—Substituting Quantum Meruit Plea.  A
1  broker may very properly be permitted, at the close of the testi-
mony, to withdraw his plea of express contract as to a commission,
and amend by a plea of *quantum meruit*.  (See Book of Anno., Vol.
1, Sec. 11182, Anno. 1 *et seq.*)

**BROKERS:** Compensation—Unallowable Defense.  In an action by a
2  broker for a commission, it is no defense that the plaintiff had an
arrangement with another broker for the sharing of the commission
in return for services rendered in effecting a sale for defendant.

**Headnote 1:** 31 Cyc. p. 415.  **Headnote 2:** 9 C. J. p. 571.

*Appeal from Monona District Court.*—C. C. HAMILTON, Judge.

OCTOBER 27, 1925.

ACTION on *quantum meruit* to recover the reasonable value
of services by plaintiff in effectuating a sale of certificates of
stock under a written selling order from the defendant owner.
Cause tried to jury, resulting in a verdict of $1,295 for plaintiff.
From the judgment entered thereon, defendant appeals.—*Af-
firmed.*

*Johnson & White,* for appellant.

*Prichard & Prichard* and *O. P. Bennett,* for appellee.

DE GRAFF, J.—This action is to recover brokerage on *quan-
tum meruit*.  The record facts warrant the finding that, on the
11th of October, 1923, the plaintiff received a written selling
order signed by the defendant, in words and figures as follows:

"Chas. G. Lowery Co., 211 Frances Bldg., Sioux City, Iowa.
Selling Order.  Dated at 10-11, 1923.

"Sell for my account and risk 2,200 shares of Des Moines
Life & Annuity preferred, common stock at $10.00 per share.

I agree to pay a brokerage of ——% on the total sale price to be deducted from the sale price and guarantee delivery and title of the above stock for a period of 10 days from date of this order or until recalled by me.

"Peter Lamp."

The evidence further warrants the finding that, within 10 days from the date of said order, plaintiff found a purchaser for the 2,200 shares of stock; that said purchaser was ready, willing, and able to purchase said stock at an agreed price of $11 per share; that the defendant, within the specified time, was notified of the sale; and that the sale price was tendered to the defendant. It is undisputed that, in conformity to the selling order, the defendant delivered 905 shares of Des Moines Life & Annuity stock, and received therefor the sum of $9,050. Thereafter, no further stock was delivered, and the defendant refused to deliver any further stock.

Before we pass to the points relied upon by appellant for a reversal, the inquiry naturally arises: What defensive matter is pleaded in answer? It is denied by the defendant that the selling order, as set out in plaintiff's petition, is "the true and correct copy of said selling order signed by this defendant." It is further averred that plaintiff received all the shares of stock which the defendant at any time agreed to sell under said order.

1. Did the court err in overruling the motion of the defendant to strike the amendment to the petition? In the original petition, plaintiff predicated the recovery on a specific oral agreement, contemporaneous with the delivery of the selling order, that the defendant would pay as commission all sums that plaintiff should receive in excess of $10 per share. On the conclusion of the testimony, plaintiff filed an amendment to the petition, withdrawing the original allegation as to express contract for commission, and pleaded "that plaintiff was to receive a fair and reasonable compensation for his labor and efforts in making said sale, and such commission as is usual in like matters. That a fair and reasonable commission for making said

1. PLEADING: amendments: substituting *quantum meruit* plea.

sale was at the rate of $1.00 per share.'' Defendant moved to strike this amendment, which motion was overruled.

The trial court exercises judicial discretion in allowing or rejecting amendments, and unless substantial prejudice results, this court will not interfere. If the evidence offered in a case shows only a right to recover on *quantum meruit*, it constitutes a fatal variance, when the cause of action is based on an express agreement. A plaintiff, however, may plead in different counts in the same petition an express contract and *quantum meruit*. If he pleads an express contract, and the evidence proves or tends to prove an implied contract, he is privileged to amend, to make his pleading conform to the evidence. These principles have found frequent expression in the opinions of this court. *Laird v. Cole*, 121 Iowa 146; *Tyler v. Bowen*, 124 Iowa 452; *Bowe v. Frink*, 137 Iowa 1; *Cottong v. Zybell*, 179 Iowa 1184; *Fisher v. McCarty*, 197 Iowa 369; *Russell v. Clemens & Co.*, 196 Iowa 1121.

In the instant case, no new issue was introduced. There was no surprise. No new evidence was required on the part of the defendant. Obviously there was no error, under the circumstances, in permitting plaintiff to amend.

2. Does the evidence sustain the verdict? Defendant moved the court for a directed verdict upon the conclusion of plaintiff's testimony, and renewed the motion upon the conclusion of all the testimony. These motions were properly overruled. It was for the jury to believe the plaintiff or the defendant. Plaintiff is a broker, and when it is shown that he is employed and authorized to find a purchaser of property, on terms dictated by the owner, and he produces a party who, within the time limited, is ready, able, and willing to perform under the terms of the contract of sale, the plaintiff is entitled to recover his commission. *Raymond v. Stinson*, 196 Iowa 881. Whether the signed contract introduced in evidence was the contract in *haec verba* as signed by the defendant, was a jury question.

Lamp testified that he refused to give any amount to be written in the sale order, and that the amount as put in by the agent was contrary to his instructions. The agent who wrote the contract testified that the number of shares of stock was

written in the contract before it was signed by Lamp, and that he was informed by Lamp of the number of shares he owned at the time the contract was written. It is admitted by the defendant that he read the contract. The foregoing testimony presents a direct conflict, and it became a fact question, to be determined by the jury.

3. It is further urged by the appellant that the plaintiff is not entitled to recover $1.00 per share on the undelivered stock, for the reason that the purchaser, Bennett, acting as a 2. BROKERS: compensation: unallowable defense.

broker for plaintiff in the transaction, was to receive 50 cents per share from the plaintiff, and that this resulted in a sale price of $10.50 per share. There is no merit in this contention. An agreement to share the proceeds or the profit of a business venture on the part of a plaintiff does not concern his principal, who has obligated himself, either by express or an implied contract, to pay a commission. The authority of the agent had not been revoked. The sale was made before the expiration of the time prescribed by the terms in the selling order. Plaintiff's cause of action does not sound in damages by reason of a contract breached by the principal. Consequently, the law stated in *Knudson v. Laurent*, 159 Iowa 189, and similar cases, finds no application to the case at bar. Plaintiff's right to recover on *quantum meruit* for his services exists, if it exists at all, independently of whether he was indebted to the purchaser Bennett for services rendered by Bennett to plaintiff.

4. The instructions given by the court, so far as disclosed by the abstract of record, are not subject to criticism, and the instructions requested by the defendant were properly refused. There is no evidence upon which to submit to the jury the theory of accord and satisfaction. Whether the selling order contained blanks that were filled out subsequently to its signing by the defendant, was necessarily determined by the jury; as the court instructed that the jury must find by a preponderance of the evidence that the plaintiff received from the defendant the selling order which was introduced in evidence, and which by its terms authorized and directed the plaintiff to sell "2,200 shares of Des Moines Life & Annuity Stock at $10 per share."

We discover no errors in the record, and the judgment entered on the verdict must be, and is, affirmed.—*Affirmed*.

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.