KING v. GIBLIN ET AL.*
RAFFERTY v. SAME
(No. 1355; 1356; June 11, 1927; 256 P. 1035.)

APPEAL AND ERROR—WAIVER OF ERROR—PLEADINGS—AMENDMENT IN-
TRODUCING NEW CAUSE OF ACTION—MOTION TO STRIKE IMPROPER
OBJECTION TO INDEFINITENESS, MULTIPLICITY OR DEPARTURE—DIS-
MISSAL AND NONSUIT—STATUTORY GROUNDS OF DISMISSAL.

1.  Filing amended petition waived error, if any, in striking out parts of original petition.

2.  Amended petition, based on express contract of brokers to repay money paid for stock, was good against motion to strike on ground that it constituted departure from original petition relying on implied contract.

3.  Under Comp. St. 1920, § 5704, permitting amendment of petition without leave at any time before answer without prejudice to proceedings, amended petition relying on express contract by brokers to repay plaintiff money paid on stock, where original petition relied on implied promise, even if considered as introducing new cause of action, was not prejudicial to defendants.

4.  Amended petition, based on express promise of defendant brokers to repay plaintiff money which he paid on stock, *held* to state cause of action on motion to strike.

5.  Motion to strike is not proper method provided for attacking petition as indefinite or as improperly commingling several causes of action.

6.  In action against brokers to recover money paid on stock,
    motion to strike amended petition, relying on express con-
    tract on ground that it constituted departure from origi-
    nal petition relying on implied contract, which was
    granted, was not one which might be taken as demurrer.

7.  Where neither of grounds for dismissal enumerated by
    Comp. St. 1920, §§ 5878, 5879, exist, plaintiff may not be
    nonsuited without his consent.

See Headnotes:   (1) 4 CJ p. 939 n. 22.   (2) 31 Cyc p. 415 n. 34;
p. 623 n. 85 New.   (3) 31 Cyc p. 415 n. 35.   (4, 5) 31 Cyc p. 619 n.
65; p. 630 n. 27, 32.   (6, 7) 18 CJ p. 1179 n. 11 New; 31 Cyc p. 620
n. 66.

APPEAL from District Court, Natrona County; BRYANT S.
CROMER, Judge.

Action by W. J. King against J. J. Giblin, and another,
doing business as the Henning Brokerage Company, and
action by H. J. Rafferty against the same defendants.
From judgments of dismissal, plaintiffs appeal. Cases con-
solidated on appeal.

*Hal Curran,* for appellants.

The court below misconceived the provision of 5677 C. S.
as to what may be stricken from pleadings: there is a
difference in the meaning. of the words "immaterial"
and "irrelevant"; Dunlap v. Kelly, 78 S. W. 664.   A
motion to strike must indicate the parts to be stricken;
1 Bates' New Pl. & Pr. 423; White v. Allen, 30 Ore. 103;
Palmer v. Bank, 59 Nebr. 412.   Partners are jointly and
severally liable; 4184-4186 C. S.   A motion to strike can-
not be directed to conclusions of law; a motion to make
more definite is proper; Schrock & Schneider v. Cleveland,
29 O. S. 499.   The trial court erred in sustaining the
second motion to strike; Schneider v. Brown, (Cal.) 24 P.
715; Dougall v. Schulenberg, 35 P. 636.   A new cause of
action may be substituted by amendment; Deyo v. Morss,
144 N. Y. 216, 39 N. E. 81; Nelson v. Bank, 36 So. 707.
The cause of action may be changed; Norman v. Asylum,
70 S. W. 189; Meinshausen v. Brewing Co., 113 N. W. 408;

3 L. R. A. (N. S.) 307. Our amendment statutes are 5704 and 5707 C. S.; amendments may be made to conform with the proofs at any time before judgment; Foste v. Standard, (Ore.) 38 P. 617; Angell v. Pruyn, 85 N. W. 258; Lellman v. Mills, 15 Wyo. 149; Lumber Co. v. Walker, 152 S. W. 1005. A cause, based upon the common law, may be changed to a statutory action for death; Boston & M. R. Co. v. Hurd, 108 Fed. 116. A new cause of action may be introduced by amendment, if it correspond in character with the original count in a kindred cause, admitting the same pleading and defense, which might have been included in the original pleading; Tierman v. Woodruff, 5 Mc Lean 135; Keenan v. Co., 69 P. 112; Boyle v. Gordon, (Kan.) 17 P. 857; Bates New Pl. & Pr., Vol. 1, Page 543. A pleading, though imperfect and defective in form, should not be stricken, though subject to a motion to require more definite and certain statement; Pomeroy's Remedies and Remedial Rights, Sec. 549; Cone v. Ivinson, 4 Wyo. 203, at 226, 227; Summers v. Ins. Co., 12 Wyo. 380; Anderson v. Rasmussen, 5 Wyo. 44. In Mau v. Stoner, 15 Wyo. 121, an amendment permitting a wholly different defense was allowed; also Lellman v. Mills, 15 Wyo. 150; Fidelity & Guaranty Co. v. Parker, 20 Wyo. 55; Bissinger & Co. v. Weiss, 27 Wyo. 268; Bamforth v. Ihmsen, 28 Wyo. 282; Bank v. Sorenson, 30 Wyo. 142; Finley v. Pew, 28 Wyo. 342; Houtz v. Commissioners, 11 Wyo. 176. Other cases regarding a liberal rule of amendment are: Evans v. Co., 21 Wyo. 184; Norton's Est. v. Mc Alister, 22 Colo. App. 293, 123 P. 963. The court erred in dismissing appellant's petition with prejudice; Mulhern v. Ry. Co., 2 Wyo. 465; Jones v. Ry. Co., 23 Wyo. 157; Bader v. Mills & Baker Co., 28 Wyo. 192.

*E. H. Foster* and *W. J. Wehrli,* for respondents.

The consolidation of cases numbered 1355 and 1356, for determinination on appeal, both being identical on the facts and law, has been agreed upon by the parties;

so that the briefs filed, in this case, shall be adopted in case 1355; the plaintiff introduced a new cause of action by way of amendment; 31 Cyc. 415. This is not permissible; Lamar v. Lamar, Taylor and Riley Drug 'Co., 118 Ga. 850, 45 S. E. 671; Cos v. Henry, 113 Ga. 259, 38 S. E. 856; Booth v. Packing Co., 105 S. W. 46; Ry. Co. v. Ryan, 170 S. W. 858; Long v. Hubbard, (Kan.) 50 P. 968; Lumber Co. v. Water Co., 94 Tex. 456, 61 S. W. 707. The amended petition, in this case, substituted an entirely different cause of action.

Before POTTER, Justice, ILSLEY and RINER, District Judges.

RINER, District Judge.

It has been agreed by counsel for the parties to these two cases before this court on direct appeal that the facts and law governing both are substantially the same. Briefs were filed in No. 1356, King v. Giblin et al., and it was stipulated that they should be adopted as the briefs of the parties in Case No. 1355, Rafferty v. Giblin, et al. An examination of the several records discloses that counsel have accurately presented the situation in these cases and both can and will be disposed of by this opinion.

For convenience Case No. 1356, supra, in which the briefs were filed, will be herein considered.

King, plaintiff and appellant, subsequently mentioned herein as the "plaintiff," filed his petition in the district court of Natrona County against J. J. Giblin and John A. Hawlett as co-partners doing business as the Henning Brokerage Company, defendants and respondents, hereafter referred to as the "defendants." The petition was drawn with its paragraphs numbered One to Eight, inclusive. The first four paragraphs allege the existence of the partnership of defendants, their principal place of business as in Casper, and the several places of residence

of the parties plaintiff and defendants. Paragraph 5 reads as follows:

"That the defendants and each of them are indebted to this plaintiff in the sum of $3350.00, which sum of money was had and received by the defendants and each of them from this plaintiff for the purpose of purchasing one hundred shares of Sinclair Cons. Stock. That said sum of money was paid and delivered over to the defendants and each of them as follows:

| | |
|---|---|
| March 16, 1920 | $1000.00 |
| April 21, 1920 | 500.00 |
| May 1, 1920 | 500.00 |
| May 21, 1920 | 350.00 · |
| August 3, 1920 | 600.00 |
| December 21, 1920 | 400.00." |

Paragraph 6 and 7 allege that the defendants did not purchase the stock, and never tendered it although demand was made of them for it prior to July 15, 1920, by plaintiff; that on December 30th, 1920, there was a balance of $1139.34 due at the current market price on said stock, which amount was tendered defendants and the stock demanded of them by plaintiff; and that the defendants failed to deliver the stock on such demand.

Paragraph 8 reads as follows:

"That on the 15th day of July, A. D. 1922, plaintiff demanded from the defendants and each of them the full sum of $3350.00, the amount had and received by defendants and each of them. Defendants have to date failed, neglected and refused to pay plaintiff said sum. That said sum remains due and wholly unpaid, although due and repeated demand has been made therefor."

Prayer is made for judgment in the sum of $3350.00 with interest from January 21, 1921.

Defendants appeared and moved to strike out nearly all of said petition paragraph by paragraph on the ground that the allegations were "immaterial and irrelevant,"

and also "conclusions of law and not of fact." The motion was sustained by the trial court but leave was given plaintiff to file an amended petition. Plaintiff did so and thus waived whatever error was committed by the court in sustaining the motion aforesaid.

See Arp & Hammond Hdw. Co. v. Hammond, etc. Co., 33 Wyo. 77 at 92, 236 Pac. 1033; Garanflo v. Cooley, 33 Kans. 137, 5 Pac. 766; Ott v. Elmore, 67 Kans. 853, 73 Pac. 892, at 899; Robertson v. Christensen, 90 Kans. 555, 135 Pac. 567, at 568; Town v. Doob, (Ind.) 52 N. E. 198; Martin v. Capitol etc. Co., 85 Ia. 643, 52 N. W. 534.

The amended petition also had its paragraphs numbered One to Eight inclusive. Paragraphs 1 and 2 allege the co-partnership of the defendants in the business of stock-brokerage. The third paragraph reads:

"That on or about the 16th day of March, 1920, plaintiff herein entered into verbal contract with the said partnership, by the terms of which plaintiff was to pay the said partnership the sum of $1000.00 and said partnership was to purchase and hold for plaintiff One hundred shares of Sinclair Consolidated stock, that plaintiff was thereafter to pay said partnership such sum or sums as either of said co-partners should demand and require for their protection in the event the market price of said stock should fall below the market price of said stock on the said 16th day of March 1920; that said co-partnership was to have certificates evidencing 100 shares of said stock for delivery to plaintiff at any time plaintiff paid the balance due and that said stock was not to be disposed of unless plaintiff failed or neglected to pay such sum or sums as said co-partnership would require and demand as above set out."

The fourth, fifth and sixth paragraphs allege performance by plaintiff of all the terms and conditions of the contract, and that at the request of the defendants and pursuant to the contract plaintiff paid to the defendants at various times sums of money totalling $3350.00; that defendants received this amount but never purchased

.the stock; that they converted said sum to their own use and refused to deliver the stock; and that they failed to keep any of the terms of said verbal contract with plaintiff.

Paragraph No. 7, after setting out that on the 30th day of December, 1920, there was tendered by plaintiff to defendants the sum of $1139.34, and again on June 30th, 1921, the sum of $1197.83, these amounts being the balance at those times due on said stock's purchase price, and that defendants refused to deliver said stock, alleges:

"That the said plaintiff did then and there demand the sum of $3350.00 from the said co-partnership, which sum the said co-partnership then and there promised and agreed to pay."

Paragraph No. 8 reads verbatim:

"That the said co-partners, confirming said promise, did on the 1st day of November 1921, and again on the 15th day of July, 1922, promise and agree to pay the said plaintiff the sum of $3350.00 with interest thereon at the rate of 7% per annum from and after the 30th day of June, 1921; that this plaintiff hereby expressly waives the tort and conversion so done and elects to sue on the verbal contract of June 30, 1921 and ratified and confirmed on November 1st, 1921, and on July 15th, 1922 in which the defendant promised and agreed to repay to this plaintiff the money advanced by this plaintiff to the said co-partnership in the total sum of $3350.00 together with interest thereon at the rate of 7% per annum from and after the 30th day of June, 1921, which sum is due this plaintiff and wholly unpaid."

Judgment is prayed in the sum of $3350.00 with interest from June 30th, 1921.

To this amended petition defendants filed a motion for an order "striking out the plaintiff's amended petition heretofore filed, upon the ground and for the reason that said amended petition states a cause of action different.

in kind and character from the cause of action stated in plaintiff's original petition; and that the allegations contained in said amended petition constitute a departure from the allegations contained in plaintiff's original petition."

Argument was had on the motion and the court thereafter struck out the pleading thus attacked. The plaintiff electing to stand thereon, judgment was entered dismissing the action "with prejudice and with cost taxed to the plaintiff." From this judgment this appeal is prosecuted.

On behalf of the defendants it is urged that having pleaded and relied upon an implied contract in the original petition the plaintiff cannot now change his cause of action by way of amendment to a suit upon an express contract. But this court has heretofore said:

"The only material changes in the amended petition are (1) that the amounts due under the original contract are set out separately from the remainder of the money due, and (2) plaintiff attempts to set out an express contract or agreement for and in connection with the extra labor, material and money furnished, instead of an implied contract stated or attempted to be stated in the original petition. Such changes are clearly within the purview of our statute allowing amendments." Finley v. Pew, 28 Wyo. 356, 205 Pac. 310, 315.

See also 31 Cyc. 415; Lowery v. Lamp, 200 Ia. 853, 205 N. W. 538.

And in Gunther v. Aylor, 92 Mo. App. 161, it is held that an amendment from an implied contract to an express contract is not a change of the cause of action, if plaintiff might have sued on the express contract, instead of the implied contract.

It is also insisted that the amended petition "constitutes the introduction of a new cause of action by way of amendment." Even if it had not been ruled otherwise,

it is difficult to perceive why defendants could complain. The issues in the case had not been made up. No answer was on file. The order of court granting leave to amend was not limited in its scope as to the character of amendment permitted. Sec. 5704, Wyo. Comp. Stats. 1920 permits plaintiff to amend his petition without leave "at any time before the answer is filed, without prejudice to the proceedings," requiring only notice to the defendant or his attorney of the amendment, the latter being given the same right to answer or demur thereto as to the original petition.

In Willis v. Cochran, 66 Okla. 257, 168 Pac. 658, the syllabus by the court summarizing its decision under a statute in all respects identical with Sec. 5704, supra, reads:

"The plaintiff, under the provisions of Sec. 4787, Rev. Laws 1910, may amend his petition, at any time before answer is filed, and by such amendment may increase his demand for relief and may join with him as co-plaintiff another party who has an interest in the subject-matter of the action, whether such interest be acquired before or after the filing of the original petition.

Such right to amend is absolute and it is reversible error for the trial court to strike such amended petition from the files."

And in First National Bank v. Sorenson, 30 Wyo. 136, at 142, 217 Pac. 948, 950, this court said:

"Nor was it improper to permit the filing of the amended petition simply because the original petition failed to state, as counsel claim, a cause of action."

This statute (Sec. 5704, Wyo. Comp. Stat. 1920) does not appear to limit the character of the amendment at the stage of the case it rules. If the rights of a defendant to meet the case against him are fully preserved that is all he can fairly ask. What useful purpose would be sub-

served by forcing the party to dismiss his action, file another one, and issue a new summons? Multiplicity of suits, waste of time and money for litigants, is certainly avoided by allowing broad power of amendment under the section referred to above at the stage of the case the section governs.

While the amended petition in this case may perhaps not be taken as a model pleading, yet its various paragraphs, construed together as they must be, show on their face, in our opinion, a right to relief. If they are indefinite, or if, as seems to be urged in the brief of defendants, there is an attempt to rely on several causes of action jumbled together, the civil code provides a proper remedy, which is not a motion to strike. We think, therefore, that the District Court of Natrona County erred in striking the amended petition from the files.

The final order dismissing the plaintiff's case declared that it should be and was dismissed "with prejudice." We have not deemed it necessary to decide whether such dismissal, under the circumstances of the case, if otherwise proper, could be properly declared in the final order to be a dismissal "with prejudice," or properly held to have that effect. But, without deciding the question of the propriety of dismissing an action "with prejudice" upon striking a petition from the files upon a motion not having the effect of a demurrer, the plaintiff excepting thereto and standing upon the petition, it is not deemed improper to here express a doubt concerning it. The motion to strike the amended petition which was granted was clearly not one which might be taken as a demurrer. And in the Code of Civil Procedure, after stating that the court may dismiss a petition with costs in favor of one or more defendants in case of unreasonable neglect on the part of the plaintiff to serve summons on other defendants, or to proceed in the case against the defendant or defendants served, and that an action may be dismissed "without" prejudice, in certain stated cases by the plain-

tiff and in others by the court, it is provided that "in all other cases the decision must be upon the merits, upon the trial of the action." (Comp. Stat. 1920, Secs. 5878, 5879). In view of those provisions it has been uniformly held by this court from an early date that where neither of the grounds for dismissal enumerated thereby exist, a plaintiff may not be nonsuited against his consent. Hoy v. Smith, 2 Wyo. 459; Mulhern v. Union Pacific Railroad Co., 2 Wyo. 465; Friend v. Oggshaw, 3 Wyo. 59, 31 Pac. 1047; Bader v. Mills & Baker Co., 28 Wyo. 191, 201 Pac. 1012; Sayles v. Wilson, 31 Wyo. 55, 222 Pac. 1020. The thought seems to be suggested by the situation in the present case that the plaintiff's default, if any, by declining to further plead, justifying a dismissal, might be classed as a failure to prosecute, one of the grounds for dismissal included, as we understand, in the statutory provisions aforesaid authorizing a dismissal by the court *without* prejudice.

In view of the error above indicated in striking the amended petition from the files, the judgment of the court below dismissing the action must be reversed, and both causes will, accordingly, be remanded with directions to reinstate the amended petition in each case and allow defendants proper time to move, demur, or answer thereto, as they may be advised.

*Reversed and Remanded.*

POTTER, Justice, and ILSLEY, District Judge, concur.