CLYDE V. HARDIN, Appellee, v. UNION MUTUAL LIFE INSURANCE COMPANY, Appellant, WALKER REALTY COMPANY and GEORGE E. WALKER, Appellees.

No. 43368.

JANUARY 19, 1937.

REHEARING DENIED MAY 17, 1937.

1284

C. O. Switzer and Neiman & Leake, for appellee.

Harold S. Thomas, C. H. Burgardt, for appellant.

Royal & Royal, for Walker Realty Company and George E. Walker, appellees.

STIGER, J.—The defendant Union Mutual Life Insurance Company will be referred to in this opinion as the defendant.

On July 17, 1933, the plaintiff and the defendant Union Mutual Life Insurance Company entered into a written contract for the purchase and sale of a residence property in Des Moines, Iowa, for the sum of $9,750. The material parts of this contract are as follows:

"OFFER TO BUY

"Des Moines, Iowa,.........July 15, 193.....
To....Union Mutual Life Insurance Company...............
"I——We hereby make you the following offer for your property, known as......2011 Chautauqua Parkway, City of Des Moines, Iowa...........
TOTAL PRICE OF PROPERTY........$9,750.00..........,
payable as follows:
.........$125.00........., cash, with this offer as part payment to be held by...Walker Realty Company, T. L. Denny,... agent, pending exchange of final papers.
 (September 1st, 1933)
.....$125.00....., cash to be paid upon execution of contract, upon the form commonly used by......Des Moines, Ia.,......
Realtors, and the balance of........$9,500.00........to be paid as follows to-wit:
.......$70.00.......on the......1st......day of....October, 1933......., and the same amount on the.....1st.....day of each month thereafter until the full amount of said consideration is paid down to the mortgage now on said property, or hereafter placed thereon, with interest at the rate of....6.... per cent per annum, payable monthly, and included in the monthly payments.

"4. Possession to be given on or before......Sept 1st, 1933......, and adjustments of interest, rents and insurance to be made of like date.

"5. The owner is to continue the abstract to the date of the contract, showing good and merchantable title, free and clear of all taxes, assessments, liens and encumbrances, other than those specified, except building restrictions, and a mortgage, the balance of which shall not exceed $........ with interest at.......per cent.

"9. If the purchaser fails to fulfill his part of the agreement, he shall pay to the seller a sum equal to the amount of said commission and any additional expense incurred by the seller as liquidated damages, and the seller hereby assigns to the agent the claim for commission as above stated. The advance payment made herein shall be forfeited and the same is hereby assigned to the agent to apply on his commission."

This contract will be referred to as Exhibit A. The additional contract, provided for in Exhibit A, to be executed by the parties September 1, 1933, on the form commonly used by the Des Moines, Iowa, Realtors contains the following provisions: "7. But if all said sums of money, interest and taxes are paid, as aforesaid, * * * and all agreements on the part of the party of the second part (plaintiff) have been complied with, the party of the first part (defendant) will, on receiving said money and interest, execute and deliver to second party * * * a good and sufficient warranty deed conveying said premises in fee simple, and furnish said second party with an abstract of title * * * showing a good and merchantable title to said premises in grantor."

"8. It is understood that second party (plaintiff) has examined the abstract of title to said property at this time and has approved said abstract to the date of this contract."

This form of contract, which must be construed with Exhibit A will hereafter be referred to as Exhibit 6.

It should be noticed at this time that the installment due September 1, 1933, under Exhibit A was to be paid upon execution of the additional contract upon the form commonly used by Des Moines, Iowa, Realtors, that is Exhibit 6, and that the provision in Exhibit 6, paragraph 8, that "It is understood that

second party has examined the abstract of title to said property at this time (September 1st, 1933) and approved said abstract to the date of this contract,'' contemplated that the abstract required by Exhibit A showing good and merchantable title in the vendor was to have been examined and approved by the plaintiff prior to the date that the second installment became due and the parties agreed to enter into the contract Exhibit 6, that is, September 1, 1933.

Under these provisions of the contracts, the defendant agreed to furnish an abstract to the plaintiff continued to the date of Exhibit A, July 17, 1933, showing good and merchantable title in the defendant and the furnishing of this abstract and its examination and approval by the plaintiff on or before September 1, 1933, was made, by the parties, a condition precedent to the payment of $125 on the purchase price September 1, 1933, and the execution by the parties of Exhibit 6.

On July 17, the defendant delivered to the plaintiff an abstract of title to the premises continued to May 25, 1933, although Exhibit A required an abstract continued to the date of the·contract. The abstract revealed certain liens and judgments and after examination by plaintiff's attorney it was returned to the defendant with the attorney's objections. At no time did the defendant continue the abstract to July 17, 1933, nor return it to the plaintiff. The record does not disclose that the defendant at any time furnished the plaintiff with an abstract of title in compliance with the requirements of Exhibit A.

After September 1st, the date on which the additional contract was to be entered into by the parties, and on September 2d, the plaintiff sent to the defendant the following notice of rescission of the contract:

> "Des Moines, Iowa
> "Sept. 2, 1933.

"Union Mutual Life Insurance Co.,
"2nd Floor Teachout Bldg.
"Des Moines, Iowa
"Gentlemen:

"I have advised your agent the Walker Realty Company that I have withdrawn my offer to purchase the property in Des Moines, Iowa, known as 2011 Chautauqua Parkway, for the reason that the Union Mutual Life Insurance Company as vendor, are unable to furnish a good and merchantable title and

have not brought down the abstract of title to the date of said offer.

"I hereby give you the same notice and request that the sum of $125.00, deposited by me, be returned immediately."

After about six weeks from the date of the giving of the notice of rescission of the contract and on October 27, 1933, the plaintiff commenced this action for rescission of the contract and for the recovery of the down payment made to the defendant in the sum of $125, alleging that the defendant breached its contract to furnish an abstract showing good and merchantable title.

The defendant filed an answer alleging that it did furnish the plaintiff an abstract of title in compliance with the contract and with reference to a certain judgment lien against Faye Sonderleiter in the sum of $1,000, the defendant states that said judgment was not a lien on the premises conveyed because said property was the homestead of said Faye Sonderleiter and that defendant made all reasonable efforts to remove said judgment lien as a cloud against the title to said premises prior to September 1, 1933, and did secure a release on said lien December 11, 1933; that it offered to properly secure the plaintiff from this lien prior to September 1, 1933. Defendant also alleged that plaintiff had failed to perform his obligation under the contract and even though the defendant breached the contract as alleged by the plaintiff, the plaintiff having failed to tender performance or pay the sums of money due under Exhibit A was not entitled to bring the action; that Exhibits A and 6 should be construed together and under the contract defendant was not required to remove the encumbrances prior to the time it was to deliver a deed and abstract to plaintiff nor until plaintiff had performed all his obligations and completed the installment payments of the purchase price, and that defendant could have removed all liens prior to such time and therefore was not in default. The defendant also filed a counter-claim against the plaintiff for the sum of $647.50 based on plaintiff's undertaking in Exhibit A to pay an agent's commission if he failed to fulfill his part of the agreement. The trial court found for the plaintiff and entered judgment for $125 against the defendant and dismissed the defendant's counter-claim. Defendant appeals.

▌▌▌ The parties executed the contract Exhibit A on July 17, 1933, and plaintiff made the required down payment. At the

same time defendant delivered an abstract of title to plaintiff continued only to May 25, 1933, which showed several unsatisfied judgments aggregating several thousand dollars and unpaid special assessments and taxes. The abstract was returned to the defendant with the written objections of plaintiff's attorney, which was never returned to the plaintiff. With reference to a judgment against Faye Sonderleiter in the sum of $1,000, the defendant claims that the property was the homestead of the judgment debtor and that after the examination of the title and the return of the abstract to the defendant, it secured affidavits as to the homestead character of the property which were recorded in the office of the recorder of Polk County, August 15, 1933. These affidavits were not attached to the abstract. The term abstract of title "has reference to the record title and not to extrinsic evidence thereof." Upton v. Smith, 183 Iowa 588, 166 N. W. 268.

On September 1, 1933, Denny representing defendant and the plaintiff met in Peacock's office. At this time the plaintiff tendered Denny the sum of $125 which was the amount of the payment due September 1, 1933, on which date additional contract Exhibit 6 was to be executed. Defendant was unable to deliver the abstract in compliance with the requirements of Exhibit A and on September 2d plaintiff instructed his attorney to rescind the contract.

At the close of the evidence the defendant filed a motion to re-open the case for the purpose of introducing further evidence which evidence was proof that appeal bonds in the cases of Getsinger and Parker against the defendant Union Mutual Life Insurance Company had been filed by the defendant prior to September 1, 1933. This motion was sustained and the defendant introduced the affidavit of the clerk of the district court of Polk county showing the filing of the appeal bonds August 21, 1933. The defendant at the time of the rescission had breached his · contract to furnish an abstract showing merchantable title and continued to the date of the contract.

Appellant defendant contends that the appellee could not claim there was a breach by appellant until appellee tendered performance on his part, and because the plaintiff made no tender of the installment due September 1, 1933, he was not entitled to bring this action.

Under a contract to convey real property in which the obli-

gations of the parties are mutual and simultaneous the failure of both to tender performance at the time fixed in the contract saves the default of each and keeps the contract alive beyond the date of the performance fixed therein. Braig v. Frye, 199 Iowa 184, 199 N. W. 977. If the obligations in this case had been mutual, it would have been necessary for plaintiff to have made a tender before he could bring his suit against the defendant. The rule, however, has no application to the facts in this case.

A time was fixed by the parties for furnishing the abstract of title and the provisions of the contracts, Exhibits A and 6 appear to make time of the essence. As above stated, both parties contemplated that the abstract was to be submitted, examined and approved by the plaintiff prior to September 1, 1933. There is nothing in the record showing a waiver of this requirement by the plaintiff. The payment by the plaintiff of the sum of $125 due September 1, 1933, was not to be precedent to or concurrent with the furnishing of the abstract. On the contrary, the furnishing of the abstract under Exhibit A was a condition precedent to the parties proceeding further under the contract. The abstract submitted showed material defects and was not in compliance with the call of the contract. The plaintiff was entitled to a merchantable title exemplified by and epitomized in the abstract and defendant undertook to furnish such an abstract continued to July 17, 1933. The defendant having failed to perform this dependent obligation, plaintiff was entitled to rescind the contract and recover the amount paid on the purchase price without tendering that part of the purchase price due September 1, 1933. Carroll v. Mundy & Scott, 185 Iowa 527, 170 N. W. 790, 4 A. L. R. 811; Lessenich v. Sellers, 119 Iowa 314, 93 N. W. 348.

**** Appellant claims that the true construction of the contract consisting of Exhibits A and 6 did not require it to furnish an abstract of title prior to the payment of the agreed purchase price and that the defendant was not in default through failure to furnish an abstract continued to the date of the contract showing merchantable title in the defendant. The defendant states that "the abstract was not to be furnished until the full purchase price of $9,750.00 was paid in full and if at that time it was unable to show an abstract showing merchantable title the plaintiff would then be in a position to claim damages or rescind." We cannot agree with this construction of the contract. It is true that Exhibit 6 states that if all sums of money are paid

and all the obligations on the part of the plaintiff purchaser are performed the defendant will furnish a deed and abstract of title showing a merchantable title in the grantor. This obligation on the part of the defendant is not inconsistent with its prior obligation under Exhibit A to furnish an abstract continued to the date of the contract showing a good and merchantable title. The provision in paragraph No. 8 of Exhibit 6 that "it is understood that second party has examined the abstract of title to said property at this time and has approved said abstract to the date of the contract" refers to the intention of the parties that the above requirement was to be a condition precedent to any further performance by either party. If the defendant had performed this especial call of the contract, it could have then retained possession of the abstract showing merchantable title to the date of the contract until plaintiff was entitled to a deed.

Appellant complains of the sufficiency of the notice of rescission. The notice shows an unmistakable purpose to rescind the contract and the reason for the rescission and was an adequate notice.

 After the defendant had introduced the affidavits of the clerk of court of Polk county under its motion to re-open the case the plaintiff filed an amendment to his petition stating in substance that the abstract of title submitted to the plaintiff by the defendant on July 21, 1933, showed a judgment in the sum of $1,000 rendered in favor of Margaret Taylor Getsinger on April 19, 1931, and against the defendant Union Mutual Life Insurance Company found at Number 15 of the abstract and that the abstract showed an unpaid and unsatisfied judgment in the amount of $1,000 in favor of Mary Elizabeth Parker on April 13, 1933, against the defendant Union Mutual Life Insurance Company, said judgment being shown at Number 16 of the abstract and that the abstract showed unpaid and unsatisfied taxes and special assessments against the property.

The defendant's motion to strike this amendment was overruled, and defendant predicates error on this ruling.

These judgments were shown on the abstract under the continuance of May 21, 1933. The abstract was offered and introduced into the record. The amendment conformed to the proof and admissions of defendant made through the affidavits of the clerk of the district court. No new issue was introduced by the amendment, no new evidence was required on the part of either

party nor was defendant surprised or prejudiced. Clearly there was no abuse of discretion by the court in permitting this amendment. Eilers v. Frieling, 211 Iowa 841, 234 N. W. 275; Lowery Co. v. Lamp, 200 Iowa 853, 205 N. W. 538.

The plaintiff not being in default and the defendant having been in default, the trial court was right in dismissing defendant's counter-claim and rendering judgment for the plaintiff and the case is affirmed.—Affirmed.

RICHARDS, C. J., and PARSONS, KINTZINGER, MITCHELL, HAMILTON, DONEGAN, and ANDERSON, JJ., concur.