HUNGER v. BARLOW ET AL.

1. **Jurisdiction:** JUDGMENT. In an action involving the validity of a judgment rendered by a court of general jurisdiction, the authority of the court to render the judgment will be presumed. To establish its jurisdiction affirmatively, it is not necessary that the facts, evidence, or circumstances conferring it, should be set out in the record; and should the record disclose nothing, jurisdiction over both the person and subject matter will be presumed, when the validity of the judgment is questioned collaterally. Following *Boker et al. v. Chapline et al.*, 12 Iowa, 204.

2. ——: ——: CONCLUSIVENESS OF. The jurisdiction of the District Court under the Code of 1851 over the subject matter of the foreclosure of tax deeds, does not require to be shown of record, to give its judgment validity, when assailed in a collateral proceeding.

*Appeal from Des Moines District Court.*

TUESDAY, OCTOBER 20.

THIS is a proceeding in equity under Revision of 1860, Sec. 3602, by the plaintiff, who is in possession of real estate—lots 4 and 5, of block 21, of Barrett's addition to Burlington, to quiet his title thereto. The plaintiff avers that he is the absolute owner of the fee simple title to said real estate, is in possession thereof, and that the defendant sets up a claim

thereto under the decree of the Des Moines District Court, rendered Nov. 13, 1855, wherein " J. W. Barlow was plaintiff, and lots 1, 11, 12, 15 and 19, in block 962 and other lots in the city of Burlington, and the unknown owners of the same, were defendants;" that said suit was brought to foreclose the equity of redemption on account of delinquent taxes; that the decree of foreclosure is void, setting out the facts relied upon to show it void.

The defendant denied the plaintiff's claim and title, and averred his ownership in fee of the property; that he purchased the same at a tax sale, received a treasurer's deed therefor; that the decree was regularly obtained and is valid and not void; that he had been in the actual possession of said property since 1853, and that he pleaded and relied upon the statute of limitations. The decree, after being entitled as above set out in the petition, is as follows: "This cause came on to be heard on the petition and evidence, exhibits, etc., of the petitioner, and the court being fully advised in the premises, do find that the proper notices had been given; that the equity of the legal title to the said property is in the petitioner. That the said several matters and things set forth in said petition are true. That the said property has been regularly and legally listed, taxed, advertised and sold by the proper and lawful authorities for the taxes and charges due thereon, and that in pursuance thereof said deeds were executed and delivered according to law, and that all the requisites and provisions of the law, * * * * * etc.", setting out all the facts at length, and barring all equity of redemption, and vesting the absolute title in Barlow, the plaintiff therein.

Upon these issues the cause was tried to a referee, who found and reported for plaintiff. Upon exceptions to the report, the court retried the cause on the evidence and rendered a judgment quieting the title in the defendant. The plaintiff appeals.

*Newman & Blake*, and *Powers & Antrobus*, for appellant.

*Hall & Baldwin*, for appellees.

Hunger v. Barlow.

COLE, J.—The first question presented is as to the validity of the judgment of foreclosure. If that is valid, the plaintiff 1 JURISDIC- has no title, for all his title and interest was TION: judg- ment. barred and cut off by the decree. By reason of the loss or destruction of all the papers in the tax title fore-closure case, or other reason, there are no papers or records connected with that case, introduced or offered in evidence in this, save only the decree itself, the material parts of which are set out in the statement preceding this opinion. What is the effect of that judgment or decree of foreclosure so ren-dered by the District Court on Nov. 13, 1855, when it is neither supported or contradicted by any testimony whatever? This question may be satisfactorily answered by quoting the language of a former opinion of this court, in the case of *Boker et al. v. Chapline et al.*, 12 Iowa, 204: " The court rendering the judgment was one of general jurisdiction. As such, a want of authority to act will not be presumed. Nor, to affirmatively establish its jurisdiction, is it necessary that the facts, evidence or circumstances conferring it should be set out in the record. And should the record disclose nothing, jurisdiction over the person, as well as the subject matter, will always be presumed, when the validity of the judgment is questioned collaterally." See the authorities there cited on page 206.

This, it seems to us, is the end of the case, unless we over-rule that decision. But this we cannot do, for it has the sup-port of well recognized elementary principles, as well as of the almost unbroken current of the authorities. There are, however, two incidental questions made, which should receive attention. First, it is claimed that in the matter of the fore-2. ——: ——: closure of the tax deed, the District Court, though conclusive-ness of. a court of general jurisdiction, was acting out-side of its common law or general jurisdiction, and exercising special statutory powers, and hence the facts showing its jurisdiction should appear of record in order to give its judg-ment any validity. Without here controverting the correct-ness of the claim, as applied to a case within its principle, we are clear it does not apply to this case. Here the jurisdic-

tion conferred upon the District Court was not special, but its general jurisdiction was extended over the subject matter of the foreclosure of tax deeds, and was to be exercised in the same manner and with the same effect upon that subject matter as upon all others. It was not, therefore, a special, a summary, or a statutory jurisdiction, in the sense of those terms as used when applied to the class of cases upon which the claim of plaintiff's counsel in this regard, is based. But further than this, the statute itself conferring the jurisdiction over the matter of foreclosing tax deeds, says: "The court shall have jurisdiction of such actions as in chancery, and the decree therein shall be conclusive in the same degree as in other actions." Code of 1851, Sec. 508. See, also, *Gaylord v. Scharff*, 6 Iowa, 179. It is a judicial proceeding, both valid and constitutional.

Second, the plaintiff introduced, as a witness, the attorney who brought this suit, and he testified that before bringing this action he examined carefully in the clerk's office, and found the papers in the foreclosure suit, and there was no notice with said papers, except one, that he could find, and that was by publication, and was the same as the caption of the decree as shown in this case. This, without more, it seems to us, is not sufficient to overturn the presumptions in favor of the decree.

The decree being valid vests the title in the defendant, and renders the determination of the question of possession unnecessary.

AFFIRMED.