CARL E. HOLLIDAY and EDA HOLLIDAY (formerly EDA OPPEN-HEIMER), appellees, v. ANTHONY T. ARTHUR et ux., appellants; FORT MADISON SAVINGS AND LOAN ASSOCIATION et al., appellees.

No. 47688.

(Reported in 44 N.W.2d 717)

NOVEMBER 14, 1950.

Johnson, Martin, Johnson & Phelan, of Fort Madison, for appellants.

Herminghausen & Herminghausen, of Fort Madison, for plaintiffs-appellees.

Pollard, Palmer & Lawse, of Fort Madison, for defendant-appellee Joyce Vivian Marsh.

HAYS, J.—This appeal presents a controversy between a vendor and a vendee of real estate, as to whether or not the abstract of title shows a merchantable title to be in the vendor. The bone of contention centers about a guardian's deed by which the vendor takes title.

In 1942, V. B. Marsh, guardian of the property of Joyce Vivian Marsh, a minor under fourteen years of age and a resident of California, applied to the District Court of Lee County, Iowa, for authority to sell his ward's interest in the real estate in question, and asked that the court prescribe the manner of service of notice of hearing thereon. Pursuant thereto the court directed that "the guardian give ten days notice of the hearing by personal service on said minor." The return of service filed with said court recites that the notice "was served on Joyce Vivian Marsh, a minor under the age of fourteen years, by offering to read the same to V. B. Marsh, her duly appointed, acting and qualified guardian, who has her care, custody and control, and by delivering a true copy thereof to the said V. B. Marsh, guardian of said minor." Thereafter a guardian ad litem was appointed and an answer filed. On May 22, 1942, the court entered an order which stated, in part: "* * * the court being fully advised in the premises finds that said minor has been served with notice * * * as required by an order of this court * * *; that the court has jurisdiction of the subject matter and the parties and that said application should be granted." Deed was duly executed, approved and delivered to the purchasers, defendants Arthur. In October 1942, Arthurs mortgaged the premises to the Fort Madison Savings and Loan Association. June 1, 1945, the Arthurs sold said premises to plaintiffs Holliday under a contract whereby they agreed to furnish merchantable title. A certain portion of the purchase money was retained pending re-

ceipt of deed and abstract. June 5, 1945, the abstract of title was delivered to the Hollidays, who went into possession of the premises on June 12, 1945, and still retain same. June 16, 1945, the Hollidays made objection to the title, specifically to the validity of the guardian's deed. Arthurs refused to correct the alleged defect, contending the title to be good, and on October 25, 1946, the Hollidays commenced this action to quiet the title.

The Arthurs, the Fort Madison Savings and Loan Association, Joyce Vivian Marsh and V. B. Marsh, her guardian, were made parties defendant. Joyce Vivian Marsh appeared and filed a disclaimer of any interest in the real estate. The Savings and Loan Association, by cross-petition, asked that the mortgage be foreclosed. The Arthurs, by cross-petition, ask for damages from plaintiffs on account of the loss of use of the premises since June 12, 1945, and for interest and costs. The trial court foreclosed the mortgage with judgment against the Arthurs for the amount due thereon. It held the title to be not merchantable, as shown by the abstract of title, and quieted the title in the plaintiffs, subject to the mortgage, dismissing the Arthurs' cross-petition. Anthony and Edna Arthur appeal. Hereafter, reference to appellees refers to plaintiffs Holliday unless otherwise stated.

While the action is to quiet title, based primarily upon the alleged apparent interest of the minor, Joyce Vivian Marsh, in the real estate, her disclaimer removes this question from this appeal. The question presented by this appeal is whether or not on June 5, 1945, when abstract of title was delivered to appellees, such abstract showed a merchantable title to be in the appellants. If so, it was error for the court to dismiss appellants' cross-petition and deny them damages. If not, the trial court was correct.

■■ A merchantable title, as recognized and accepted in this state, is one which a reasonably prudent man would accept in the ordinary course of business after being fully apprised of the facts and the law applicable thereto. Cappel v. Potts, 192 Iowa 661, 185 N.W. 148; Bristow v. Pagano, 238 Iowa 1075, 29 N.W.2d 423. When called upon to determine whether an abstract of title shows a merchantable title, unless the specific objections urged to the title have been definitely determined by

the courts or are so clear as to not generate a doubt, the court need not pass upon the merits thereof. It is sufficient if the court finds the objections urged present a doubtful question which may submit the objector to good faith litigation regarding same. If so found, then under our acceptable standard of title the same is not merchantable. See annotation 57 A. L. R. 1253.

▮ I. Was appellants' title merchantable as shown by the abstract of title on June 5, 1945, when it was tendered to the appellees? The trial court held not, and we agree.

Appellees assert that the return of service of notice in the hearing to sell the real estate shows that no notice was given to the owner of the premises, Joyce Vivian Marsh, and hence the court was without jurisdiction to order the sale. The order for sale being void it may be attacked collaterally. Appellants assert that, conceding a discrepancy in the return of service and the order for service, it is merely a case of defective service which, under the well-recognized rules, is not subject to collateral attack. No question is raised as to the jurisdiction of the court over the subject matter, nor is it contended that this is not, in effect, a collateral attack.

▮ Both appellants and appellees are correct in their contention as to the law, assuming each to be correct in their basic premise. The law is well-settled in this state, as elsewhere, that it will be presumed that the finding of a court that it has jurisdiction over the parties to an action is based upon sufficient proof of notice and that such finding cannot be collaterally attacked, there being nothing in the record to show otherwise. Shawhan v. Loffer, 24 Iowa 217; In re Estate of Schultz, 192 Iowa 436, 185 N.W. 24; Whiteley v. Mills, 239 Iowa 80, 29 N.W.2d 541; 31 Am. Jur., Judgments, section 576; 49 C. J. S., Judgments, sections 401, 425; annotation 57 A. L. R. 1253.

▮ It also appears to be the rule that a recital in a judgment of the presence of a jurisdictional fact may be impeached in a collateral proceedings by a contrary showing of the remainder of the record upon which the judgment is based and this is particularly true where the recital expressly refers to the record upon which it is based. 31 Am. Jur., Judgments, section 605; annotation 68 A. L. R. 397. 49 C. J. S., Judgments, section 425, states the rule to be:

"In case of a collateral attack on a domestic judgment of a court of general jurisdiction, every reasonable presumption will be indulged in support of the regularity and validity of the judgment; and, unless the contrary affirmatively appears from the face of the record, it generally will be presumed that the court had jurisdiction of the subject matter and of the parties, and that facts existed which were necessary to give the court jurisdiction or power to render the particular judgment."

Appellants place much stress upon our holding in Whiteley v. Mills, supra. An examination of that case shows that there was nothing in the record to show service of notice or lack thereof, and we indulged in the presumption that, under such circumstances, facts essential to jurisdiction, although not appearing in the record, were brought to the attention of the court. The case is not in point.

The abstract of title shows a specific order for personal service to be made on the minor, Joyce Vivian Marsh. It also shows that the notice was not served personally on the minor, but that it was served upon her guardian, who had the care and custody of her. (It is agreed in the record that V. B. Marsh was a duly appointed guardian of the person of Joyce Vivian Marsh under a California appointment.) There is clearly a discrepancy between the record of service, the order for service and the finding of the court of "service as required by its order." Under such a situation the usual presumptions do not prevail.

It is not necessary, so far as this appeal is concerned, that we determine under the above record whether the conveyance under attack is void or merely voidable, and we do not so decide. We do, however, hold that the question raised by the objections to the title, particularly the guardian's deed, is one about which considerable doubt exists and such as to reasonably cause a purchaser of the property to anticipate litigation. Under such conditions the abstract does not show merchantable title.

Appellants assert a right to rental and damages, due to the occupancy of the premises by appellees since the delivery of the abstract of title. This claim is based upon the theory that the abstract at that time showed a merchantable title. On this proposition we hold adverse to appellants. Even assuming that such was the case, the trial court found that appellees had made

a good and sufficient tender of the balance due at the time the title was rejected, and the question of a tender is not raised by appellants. Furthermore, under the record the court could well find that appellees were in possession by agreement of the parties in consideration of the heavy down payment on the signing of the contract of purchase. The trial court correctly refused to allow interest or rentals.

Finding no error the decree of the trial court is affirmed.— Affirmed.

All JUSTICES concur except HALE, J., not sitting.