WALTER M. McCUBBIN et ux., appellees, v. CLARENCE URBAN et ux., appellants.

No. 48893.
(Reported in 77 N.W.2d 36)

May 9, 1956.

McCarville & Bennett, of Fort Dodge, for appellants.

Bradshaw & Crawford, of Fort Dodge, for appellees.

HAYS, J.—Plaintiffs seek a declaratory judgment decreeing their title to certain real estate to be merchantable. The real estate is described as follows: the W½, NE¼ of Section 27 and the SE¼, NE¼ of Section 28, except railroad right of way, all in Township 87 North, Range 30, West of the Fifth P. M., Webster County, Iowa.

864

On February 9, 1952, the plaintiffs sold to the defendants on contract the above described real estate. The contract called for a substantial down payment, which was made, with the balance payable in annual installments of $1500 or more, continuing for ten years. The contract also provided: "In case the second party * * * shall pay the several sums of money aforesaid punctually * * * then the first party will make unto the second parties * * * a deed, conveying said premises in fee simple, with the ordinary covenants of warranty; also to furnish an abstract showing good merchantable title of said land in said first party, * * *." It also contained a forfeiture clause. Defendants entered into possession March 1, 1952, and still retain it.

In the fall of 1952 the plaintiffs, at the defendants' request, submitted abstract of title certified to March 20, 1952. In February 1953 defendants objected to the title; refused to make the March 1953 installment payment; and gave notice that they were rescinding the contract. March 6, 1953, plaintiffs commenced this action alleging the title was merchantable and asking that the defendants be required to make the March 1953 installment payment. The defendants denied that the title was merchantable, and by cross-petition asked rescission and damages. In September 1953 the plaintiffs gave defendants notice of forfeiture of the contract and commenced an action therefor. The two cases were consolidated for the purpose of trial which commenced April 14, 1954.

On January 26, 1955, the trial court dismissed the forfeiture action, the defendants having paid all delinquent installment payments. No appeal was taken therefrom. In the declaratory-judgment action the court directed the abstract be recertified to date, which was done; and on March 15, 1955, entered a declaratory judgment decreeing plaintiffs' title merchantable and dismissed the defendants' cross-petition for rescission and damages. Defendants have appealed.

I. Appellants' first proposition is that appellees are required to give merchantable title at the time the contract for sale was made. As an abstract statement this proposition may or may not be correct, dependent upon the particular contract. The general rule is that a title, which a vendor must furnish under

an executory contract for the sale of land calling therefor, must ordinarily be good title as of the date when it is required by the contract to be furnished. 92 C. J. S., Vendor and Purchaser, sections 219 and 226; annotations 57 A. L. R. 1253, 1514; Fitchner v. Walling, 225 Iowa 8, 279 N.W. 417; Spangler v. Misner, 238 Iowa 600, 28 N.W.2d 5. Applied to the instant contract, there is no merit to their contention. The contract, as above set forth, clearly provides that this title shall be furnished when appellants have made all of the installment payments which are payable in ten annual payments extending to 1962. While the contract allows payment of the balance at any time, and appellants assert a readiness to pay the same, we find nothing in the record accelerating the time when appellees are duty bound to make such title. No one contends that the abstract of title indicates impossibility of title at the required time. See Cullumber v. Stahl, 200 Iowa 104, 203 N.W. 270; Hardin v. Union Mut. L. Ins. Co., 222 Iowa 1283, 271 N.W. 176.

██ ██ In view of the above stated situation there is considerable doubt in the opinion of the writer as to the existence of a justiciable issue as against a mere advisory opinion being sought, and thus a doubt as to the declaratory-judgment procedure being available to the appellees. In re Estate of Pierce, 245 Iowa 22, 31, 60 N.W.2d 894, 900, states: "It is true declaratory relief will not ordinarily be granted where there is no actual or justiciable controversy between the parties and a mere advisory opinion is sought. Likewise courts frequently decline to pass upon remote, future or contingent rights which may never arise, at least where there is no present need for determination or, because of absence of parties or otherwise, the determination may not be final." However, since this question is not raised, the doubt is resolved in appellees' favor.

██ II. Appellants further assert the entries on the abstract were wholly insufficient to show merchantable title. In their brief point they are content to merely state that the abstract showed many defects which place a cloud upon the title. This is an omnibus statement which, in view of the requirements under rule 344, R. C. P., will not be considered.

III. The principal proposition urged, both here and in the

trial court, concerns a guardian's deed appearing in the chain of title. The abstract shows an undivided interest in this real estate was owned by one Willis Wayne Vert, a minor and a resident of the state of Colorado. In 1946, pursuant to section 668.23, Code of 1946, F. H. Hensell of Fort Dodge, Iowa, was appointed guardian of the property of said ward. In 1947 the guardian petitioned the court for authority to sell the interest of his ward in said real estate. The petition stated the ward was twelve years of age, that no one was available upon whom notice might be served and asked for the appointment of a guardian ad litem upon whom service should be made. An order was so entered and the notice was thus served. On the hearing the guardian ad litem appeared and made defense. The court specifically found it had jurisdiction over the subject matter and the parties. It authorized and approved the sale and deed which was dated in November 1947. Grantees therein are the appellees here.

 The trial court recognized the well-settled rule, that it will be presumed that the finding of a court that it has jurisdiction over the parties to an action is based upon sufficient proof of notice and that such finding cannot be collaterally attacked; there being nothing in the record to show otherwise. It held such presumption must prevail as against appellants' attack thereon. 49 C. J. S., Judgments, sections 401, 425; Whiteley v. Mills, 239 Iowa 80, 29 N.W.2d 541; Holliday v. Arthur, 241 Iowa 1193, 44 N.W.2d 717, 24 A. L. R.2d 1302. However, in view of section 668.23, Code of 1950, the court, under the procedure approved in Slack v. Mullenix, 245 Iowa 1180, 66 N.W.2d 99, ordered the abstract be recertified to date to ascertain if any direct attack had been commenced against the deed. None appeared and the declaratory-title judgment holding title merchantable was entered. A merchantable title is one which a reasonably prudent man would accept in the ordinary course of business after being fully apprised of the facts and the law. Holliday v. Arthur, 241 Iowa 1193, 44 N.W.2d 717, 24 A. L. R.2d 1302.

Appellants' brief point is as follows: "A guardian's deed based upon notice which was allegedly served upon a nonresident minor heir through a guardian ad litem in the absence of any of the requirements of Rule 60 of the Iowa Rules of Civil Procedure,

makes said deed void and confers no jurisdiction on a court." Citing Mullane v. Central Hanover Bank & Trust Co., 339 U. S. 306, 70 S. Ct. 652, 94 L. Ed. 865.

Rule 48, R. C. P., states that an action is commenced by serving the defendant with an original notice. Rule 56, R. C. P., states: "Original notices are 'served' by delivering a copy to the proper person. Personal service may be made as follows: * * * (b) Upon a minor under eighteen years old, by serving either the guardian of his person or property, unless the notice is served on behalf of such guardian, or his parent, or some person aged eighteen years or more who has his care and custody, or with whom he resides, or in whose service he is employed. Where the notice upon a minor is served on behalf of one who is the guardian or other fiduciary and the guardian or other fiduciary is the only person who would be available upon whom service could be made, the court or a judge shall appoint, without prior notice on the ward, a guardian ad litem upon whom service shall be made and who shall defend for the minor."

Rule 60, R. C. P., provides: "After filing an affidavit that personal service cannot be had on an adverse party in Iowa, the original notice may be served by publication, in any action brought: * * *."

It is thus apparent that the legislature has provided two distinct methods of service of an original notice, personal and by publication. Each provides certain distinct steps that must be taken in order to acquire jurisdiction.

Under appellants' brief point, above-quoted, they must contend that one of two propositions exists: (1) That appellees were acting under rule 60 and failed to file the affidavit required; or (2) that under the circumstances presented by this record, only by use of rule 60 could jurisdiction be obtained. There can be no serious claim made under No. 1 above, as it appears beyond dispute that rule 56(b) above-quoted, and particularly the last sentence thereof, was the method adopted and was strictly complied with. Under No. 2 above, the effect of such contention is that, irrespective of the provisions of rule 56(b) the only method by which service could be obtained is under rule 60. In other words, that rule 56(b) is unconstitutional, presumably by denying due process under the Fourteenth Amendment to the United States

Constitution. We reach this presumption due to the fact that the entire argument is predicated upon various statements appearing in the Mullane case, supra.

The Mullane case represents a direct constitutional attack upon a New York statute which provides for a published notice in a certain proceedings, it being asserted that it violated the Fourteenth Amendment to the Constitution; and the court so held. Whether the rule there announced applies to rule 56(b) we do not determine as no such issue is before us. See: Knorr v. Beardsley, 240 Iowa 828, 38 N.W.2d 236; Dickinson v. Porter, 240 Iowa 393, 35 N.W.2d 66; Jacobs v. City of Chariton, 245 Iowa 1378, 65 N.W.2d 561. We find no error under this proposition.

IV. Appellants in their cross-petition, which was dismissed by the trial court, asked for a rescission due to failure of appellees' title and because of misrepresentations as to the existence of noxious weeds. The proposition urged against this dismissal is that appellants were misled concerning material misrepresentations made and are entitled to rescission and damages.

The record shows a sharp conflict in the testimony as to negotiations leading up to the signing of the contract. After examining the same we are not inclined to set aside the findings and conclusion of the trial court.

Finding no error, the declaratory judgment of the court is affirmed.—Affirmed.

All JUSTICES concur.