Richard E. JACKMAN, Appellant,

v.

**CENTURY BRICK CORPORATION OF AMERICA, Respondent.**

**No. 51996.**

Supreme Court of Missouri,
Division No. 2.

Feb. 13, 1967.

Motion for Rehearing or to Transfer to
Court En Banc Denied
March 13, 1967.

**112**

Lane D. Bauer, Shook, Hardy, Ottman, Mitchell & Bacon, Kansas City, for appellant.

E. E. Thompson, Kansas City, Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel, for respondent.

FINCH, Presiding Judge.

Plaintiff, a resident of Michigan, filed suit on November 18, 1965, against defendant, a Pennsylvania corporation, for $25,000 actual and $25,000 punitive damages. The petition alleged that defendant had committed certain acts in Missouri during 1964 which were tortious and fraudulent and were made to induce plaintiff to become a franchise dealer for defendant in four Missouri and two Kansas counties for its "Century Brick" process. The petition requested service of process in accordance with § 351.633, RSMo 1965 Cumulative Supplement, V.A.M.S., and recited the address of defendant to be in Erie, Pennsylvania, as shown in the official registry of that state. Service of process was on the secretary of state, who forwarded copies to defendant at its address in Erie, Pennsylvania, in the manner specified in § 351.633 (2). Defendant then filed a motion to quash service and to dismiss. The motion asserted that § 351.633, effective October 13, 1965, was prospective only in its application and could not be utilized with respect to acts occurring prior to that date. It also recited that the petition did not allege the commission of tortious acts in Missouri. The trial court sustained the motion to quash and to dismiss. This appeal followed.

In order to consider the questions presented, it is necessary to review the history of this legislation, including our decisions with reference thereto.

In 1961 the general assembly enacted Senate Bill 183, Laws Missouri 1961, p. 257. It amended what was then § 351.630, RSMo 1959, by including therein what is sometimes referred to as the single tort statute.[1] It

---

1. We are not concerned in this case with what was subsection 1 of § 351.630. Subsections 2, 3, 4 and 5 were as follows:

"2. If a foreign corporation commits a tort, excepting libel and slander, in whole or in part in Missouri against a resident or nonresident of Missouri, such acts shall be deemed to be doing business in Missouri by the foreign corporation and shall be deemed equivalent

provided that when a foreign corporation commits a tort in whole or in part in Missouri, such act constitutes the doing of business in this state and the corporation is deemed thereby to have appointed the secretary of state as its agent for service of process in actions arising out of such tort. It also prescribed how the secretary of state should notify the defendant corporation of service of process.

In State ex rel. Clay Equipment Corp. v. Jensen, Mo., 363 S.W.2d 666, this court considered subsection 2 of the 1961 act.[2] The court held that substantive rights were created and that the general assembly intended the act to be prospective only in its application. Consequently, the statute was not available with respect to a tort committed prior to the statute's effective date, which was October 13, 1961.

Subsequently, in State ex rel. M. Pressner & Co. v. Scott, Mo., 387 S.W.2d 539, the court en banc considered subsection 3 of the 1961 statute.[3] That subsection provided that the secretary of state should forward a copy of the petition and summons by registered mail to the defendant corporation at its principal office "as the same appears in the records of the secretary of state." The court held that records, as used in that subsection, had reference to records made, filed or deposited pursuant to some law, that the secretary of state would not have such a record of the address of a nonresident corporation not qualified to do business in this state, and that the method provided in the statute as it applied to nonresident corporations not qualified in Missouri did not comply with due process requirements.

In 1965 the general assembly enacted Senate Bill 106 which repealed the then existing § 351.630 and enacted in lieu thereof two new sections. That portion of the existing statute relating to suits based on the commission of a single tort by a foreign corporation became § 351.633. Subsection 1 of the new § 351.633 corresponded verbatim with subsection 2 of the 1961 act.[4] Subsection 2 of the 1965 statute was new in that it provided a different procedure for notification of the foreign corporation at its address by the secretary of state. What had been subsections 4 and 5 of the 1961 act were reenacted verbatim as subsections 3 and 4 of the 1965 act. Subsection 5 of the 1965 act was new and provided for venue in the county where the cause of action accrued.[5]

to the appointment by the foreign corporation of the secretary of state of Missouri and his successors to be its agent and representative to accept service of any process in any actions or proceedings against the foreign corporation arising from or growing out of the tort. Service on the secretary of state of any such process shall be made by delivering to and leaving with him or with any clerk having charge of the corporation department of his office, duplicate copies of the process. The committing of the tort shall be deemed to be the agreement of the foreign corporation that any process against it which is so served upon the secretary of state shall be of the same legal force and effect as if served personally within the state of Missouri.

"3. In the event that any process, notice, or demand is served on the secretary of state, he shall immediately cause a copy thereof to be forwarded by registered mail, return receipt requested, addressed to the secretary of such corporation at its principal office as the same appears in the records of the secretary of state.

"4. Nothing herein contained shall limit or affect the right to serve any process, notice, or demand required or permitted by law to be served upon a foreign corporation in any other manner now or hereafter permitted by law.

"5. The secretary of state shall keep a record of all processes, notices, and demands served upon him under this section, and shall record therein the time of such service and his action with reference thereto."

2. See footnote 1, supra.

3. See footnote 1, supra.

4. See footnote 1, supra.

5. Subsections 2 and 5 of § 351.633 were as follows:

"2. In the event that any process, notice, or demand is served on the secretary

The 1965 statute became effective on October 13, 1965, and the suit from which this appeal is taken was filed on November 18, 1965.[6]

Defendant asserts that the entire 1961 law was declared unconstitutional by this court in Pressner and that the 1965 act was an entirely new statute. It, says defendant, operates prospectively only and plaintiff may not utilize it as a means of recovery for torts committed in 1964.[7]

The Pressner case did not hold that the entire § 351.630 was unconstitutional. The court considered only what was then subsection 3 relating to notification by the secretary of state of a foreign corporation not qualified to do business in Missouri. The opinion held only that the method of notification of a foreign corporation not qualified in Missouri did not meet the requirements of due process. The opinion recognized that subsection 3 of the 1961 act had been a part of subsection 1 of pre-existing § 351.630, RSMo 1959, and that after the adoption of the 1961 act subsection 3 was intended by the legislature to be applicable to subsection 1 (as it had been previously) as well as subsection 2. Likewise, Pressner did not undertake to rule upon the constitutionality of other subsections of § 351.630. Consequently, it is clear that Pressner did not hold all of § 351.630 unconstitutional.

Defendant contends that subsection 3 was so essentially connected with the rest

of § 351.630 that the ruling in Pressner necessarily included a ruling that the entire section was invalid, and that § 1.140, RSMo 1959, V.A.M.S., relative to severability of sections of a statute, is applicable. We do not agree. In addition to what we have said in the preceding paragraph, we note that subsection 4 of the 1961 act provided as follows: "Nothing herein contained shall limit or affect the right to serve any process, notice, or demand required or permitted by law to be served upon a foreign corporation in any other manner now or hereafter permitted by law." This language recognized that there might then be existing some other method of service or that a different method of service might be provided subsequently. In either instance, service by the other means was to be permissible. This indicates that the legislature did not intend that utilization of the single tort statute was to be dependent completely and exclusively on the method provided in subsection 3.

This court in Pressner did not find, as the court did in State ex rel. Transport Mfg. & Equipment Co. v. Bates, 359 Mo. 1002, 224 S.W.2d 996, and in Preisler v. Calcaterra, 362 Mo. 662, 243 S.W.2d 62, cited by defendant, that elimination of a particular subdivision or clause meant that the remaining statute did not express the legislative intent and for such reason the entire act must be held bad. In both the Calcaterra and Bates cases the statute remaining after elimination of the portion

of state, he shall immediately cause a copy thereof to be forwarded by registered mail, return receipt requested, addressed to the secretary of such corporation at its principal office as the same appears in the records of the secretary of state, or if there is no such address on file, then to the corporation at its office as shown in the official registry of the state of its incorporation and such address shall be provided by the plaintiff or his attorney."

"5. It is further provided that actions under this section may be instituted in the county wherein such cause of action accrues."

6. Defendant's motion to dismiss recited that plaintiff first filed suit in Jackson County for damages for this same tortious conduct on October 13, 1964, and that said court sustained a motion to quash service and dismiss on April 26, 1965, as a result of the decision in State ex rel. M. Pressner & Co. v. Scott, Mo., 387 S.W.2d 539. This is correct, but it has no effect on the disposition of the present appeal.

7. This contention is based on the fact that subsection 1 of the 1965 act is identical with the language of the 1961 statute which this court in Jensen held to be prospective in its application.

held invalid would have resulted in something entirely different from what the legislature intended. For example, Calcaterra involved a statute providing for challengers and watchers at the polls for the two dominant political parties. The court held that the provision limiting the challengers and watchers to the two dominant political parties violated the equal protection provisions of the state and federal constitutions. It was suggested to the court that a particular clause of the statute might be ruled unconstitutional but the remainder upheld. The court pointed out that to do this would result in providing challengers and watchers for all political parties, whereas the clear legislative intent was to confine it to the two dominant parties. Consequently, the court went ahead and specifically held that the entire act was bad. The Bates case involved a use tax which contained an exemption of motor vehicles having a seating capacity of ten passengers or more. The court held the exemption to be discriminatory and invalid but rejected a suggestion that it could hold the exemption bad without ruling the entire use tax to be invalid. The court pointed out that to do this would result in imposition of tax which the legislature did not intend, and therefore it was necessary to hold the entire use tax invalid. The situation in those cases is not analogous to the one with which we are now concerned. The ruling in Pressner simply meant that the procedure prescribed in subsection 3 for notification of the foreign corporation by the secretary of state of service on it was invalid. This did not in any sense change the meaning or effect of subsection 2. We hold that the ruling in Pressner did not necessitate a holding that all of § 351.630 was invalid.

■ Section 1.120 RSMo 1959, V.A. M.S., provides as follows: "The provisions of any law or statute which is reenacted, amended or revised, so far as they are the same as those of a prior law, shall be construed as a continuation of such law and not as a new enactment." The language of this section is applicable to subsections in the 1961 act which were identical with subsections in the 1965 act. Subsections 2, 4 and 5 of the 1961 act were repealed and reenacted verbatim as subsections 1, 3 and 4 of § 351.633 when it was adopted in 1965. Under that statute, those subsections continued to be effective from the effective date of the 1961 statute, and utilization in this case of the rights created thereby is not contrary to what this court said in Jensen about such rights being prospective only.

The case law of Missouri is in accord with the provisions of § 1.120 and supports the conclusion which we reach.

In Belfast Inv. Co. v. Curry, 264 Mo. 483, 175 S.W. 201, 1. c. 204, it is stated: "The usual rule is that, when part of a former act is repeated in an amendatory statute, the provisions thus repeated are considered as a continuation of the former law, and not as a new enactment, while those parts of the original act which are omitted from the amendment are treated as repealed. This rule is announced by Lewis' Sutherland in the second edition of his work on Statutory Construction, pp. 442, 443, as follows:

" 'The amendment operates to repeal all of the section amended not embraced in the amended form. The portions of the amended sections which are merely copied without change are not to be considered as repealed and again enacted, but to have been the law all along; and the new parts or the changed portions are not to be taken to have been the law at any time prior to the passage of the amended act. * * *' "

In State v. Ward, 328 Mo. 658, 40 S.W. 2d 1074, 1. c. 1078, this court said: "The point that the repeal by the Fifty-fifth General Assembly in 1929 of section 5596, R.S. 1919, and the enactment in lieu thereof of a new section to be known as section 5596 [Laws 1929 p. 217 (now Rev.St.1929 § 8246)], terminated the two year closed season voted by Harrison county in 1928, is without merit.

"In Brown v. Marshall, 241 Mo. 707, 145 S.W. 810, loc. cit. 815, this court ruled: 'A subsequent act of the Legislature repealing and re-enacting, at the same time, a pre-existing statute, is but a continuation of the latter, and the law dates from the passage of the first statute and not the latter. State ex rel. Hawes v. Mason, 153 Mo. 23, loc. cit. 58–59, 54 S.W. 524; State ex rel. Stone v. Vernon County Court, 53 Mo. 128, loc. cit. 129–130; Smith v. People, 47 N.Y. 330.'"

In Atchison v. Retirement Board of Police Retirement System of Kansas City, Mo., 343 S.W.2d 25, l. c. 33, the court stated: "Under these recognized rules of statutory construction H.B. 544, repealing §§ 86.263 and 86.267, RSMo 1949, V.A.M.S. and at the same time enacting in lieu thereof new §§ 86.263 and 86.267, retaining and repeating some and omitting some of the former sections and adding some new language, had this effect: First, it continued the former law retained, § 1.120, RSMo 1949, V.A.M.S., which remained operative and effective as before, and that portion of these sections is to be considered as having been the law from the time it was first enacted."

Under the above cases and under § 1.120 we are required to treat the single tort statute as having been part of our statutes from October 13, 1961. The 1965 reenactment of subsections thereof constituted a continuation of those portions of the 1961 act and the rights created thereby in 1961 operate prospectively from that date rather than from the effective date of the 1965 statute.

■ The new subsection in the 1965 act dealing with the manner of notification of the corporation by the secretary of state was purely procedural and not substantive. Under the case of State ex rel. LeNeve v. Moore, Mo., 408 S.W.2d 47, such a procedural statute operates retrospectively as well as prospectively, unless the legislature provides otherwise, and was available for use by this plaintiff.

■ The motion to dismiss also asserted that plaintiff's petition did not allege the commission of a tort in Missouri. We hold otherwise. Paragraph 1 of the petition alleges that the acts of the defendant mentioned in the petition were committed in whole or in part in Jackson County, Missouri, and paragraph 2 of the petition alleges that the defendant, by reason of the fraudulent and tortious acts of the defendant committed in Missouri, appointed the secretary of state as its agent for service of process. Subsequent paragraphs then allege particular acts or representations. The petition, construed broadly and favorably to plaintiff, as we are required on this motion to do, was sufficient to withstand a motion to dismiss.

The action of the trial court in quashing the service of summons and dismissing the petition is reversed and the cause remanded for further proceedings.

Donnelly and Storckman, JJ., concur; Eager, P. J., not sitting.