**MARSHFIELD HOMES, INC., Appellee,**

v.

**Romaine EICHMEIER, Appellant.**

**No. 53846.**

Supreme Court of Iowa.

May 5, 1970.

Lundy, Butler, Wilson & Hall, Eldora, for appellant.

Westfall, Laird, Burington, Bovard & Heiny, Mason City, for appellee.

STUART, Justice.

In cause No. 13842 in Franklin County, Eichmeier, defendant here, was plaintiff and Marshfield Homes, Inc., plaintiff here, was one of the defendants. A default judgment was entered against Marshfield for failure to appear. It brought this action in equity for a declaratory judgment seeking a determination that the default judgment in cause No. 13842 was null and void for lack of jurisdiction. The trial court held there was no valid service of notice on Marshfield because the "long arm" statute under which service was attempted was not effective until after the notice was served. The judgment was declared to be null and void. We affirm.

■ I. This action is a collateral attack upon the default judgment in cause No. 13842. Stake v. Cole (1965), 257 Iowa 594, 601, 133 N.W.2d 714, 718; Holliday v. Arthur (1950), 241 Iowa 1193, 1197, 44 N.W.2d 717, 719; Kriv v. Northwestern Securities Co. (1946), 237 Iowa 1189, 1196, 24 N.W.2d 751, 754; Anderson v. Schwitzer (1945), 236 Iowa 765, 772–773, 20 N.W. 2d 67, 71; Brown v. Tank (1941), 230 Iowa 370, 374–375, 297 N.W. 801, 803–804; Hawkeye Life Ins. Co. v. Valley-Des Moines Co. (1935), 220 Iowa 556, 561, 260 N.W. 669, 672; Bengston v. Setterberg (Minn.1949), 227 Minn. 337, 35 N.W.2d 623, 627; Anno: 154 A.L.R. 746–749.

■■ Any mere error in the judgment is not now reviewable. The judgment may be attacked collaterally only if it was entered without jurisdiction. Kriv v. Northwestern Securities Co., supra; Hawkeye Life Ins. Co. v. Valley-Des Moines Co., supra; Kline v. Kline (1881), 57 Iowa 386, 389, 10 N.W. 825, 827; 49 C.J.S. Judgments § 421.

■ When a collateral attack is made on a judgment of a court of general jurisdiction, there is a presumption the judgment is valid and that the court has jurisdiction of the subject matter and the parties. McCubbin v. Urban (1956), 247 Iowa 862, 866, 77 N.W.2d 36, 38; Holliday v. Arthur, supra, 241 Iowa at 1197, 44 N.W. 2d at 720; Anderson v. Schwitzer, supra; Hunger v. Barlow (1874), 39 Iowa 539, 541; 49 C.J.S. Judgments §§ 425, 426; 46 Am.Jur.2d, Judgments, §§ 663, 664.

■ The presumption of jurisdiction can be overcome by matters which appeared in the record before the court at the time the default judgment reciting jurisdiction was entered. McCubbin v. Urban, supra; Holliday v. Arthur, supra; Anderson v. Schwitzer, supra; Hunger v. Barlow, supra; 49 C.J.S. Judgments § 426; 46 Am.Jur.2d, Judgments, §§ 663, 665, 667.

Appellant contends the trial court considered facts which were introduced at the hearing on the declaratory judgment action. The trial court's findings indicate this is true. However, as our review is de novo, we will restrict our consideration to those matters which appeared of record at the time judgment was entered in cause No. 13842.

In the petition filed in cause No. 13842 on April 20, 1965, Eichmeier sought damages from Marshfield for personal injuries and property damages sustained when a gas furnace in a mobile home manufactured by Marshfield exploded on September 13, 1963. Separate counts sought recovery on theories of express warranty, implied warranty, specific negligence and res ipsa loquitur.

The petition alleged the mobile home in question was ordered September 29, 1961 and delivered to Eichmeier November 15, 1961. It was occupied by him as his home from that time to the date of the explosion. All acts on the part of Marshfield of which Eichmeier complained occurred prior to delivery. Although Eichmeier argues to the contrary, we cannot interpret the petition as alleging that Marshfield had anything to do with the mobile home after it was delivered to Eichmeier. In the res ipsa loquitur count there is an affirmative allegation that there was no change in the condition of the gas fur-

nace after the mobile home left Marshfield's control.

There were no allegations Marshfield had a permit to do business in Iowa. Notice was served on the secretary of state and copies were mailed to Marshfield in accordance with Chapter 325, Laws of the 60th General Assembly, which became effective July 4, 1963, and is now part of section 617.3, Code of Iowa.

Marshfield did not appear and default was taken against it August 24, 1965. On May 10, 1968, judgment was entered on the default against Marshfield and in favor of Eichmeier for $11,719.18 and costs.

Garnishment proceedings were instituted in August 1968 and the present action was filed September 18, 1968.

We conclude the record before the trial court at the time judgment was entered in cause No. 13842 revealed Marshfield's acts, which were the basis of this lawsuit, occurred prior to July 4, 1963, the effective date of the "long arm" statute, under which Eichmeier attempted to obtain service and that the injury occurred after the effective date of the act.

II. This trial court relied on and this case is controlled by Krueger v. Rheem Manufacturing Company (1967), 260 Iowa 678, 683, 149 N.W.2d 142, 147, in which we held the legislature intended the act to apply prospectively only, and Chrischilles v. Griswold (1967), 260 Iowa 453, 464, 150 N.W.2d 94, 101; Snakenburg v. Jason Mfg., Inc. (1968), Iowa, 157 N.W.2d 110, 112–113; and Schnebly v. St. Joseph Mercy Hospital of Dubuque (1969), Iowa, 166 N.W.2d 780, 783. In the last three cases we held the date of defendant's acts which are the basis of the lawsuit must have occurred after July 4, 1963 on the theory that defendant could not be deemed to have consented to subject himself to jurisdiction of the Iowa courts under a law which had not been enacted at the time he acted.

Plaintiff argues that since McGee v. International Life Insurance Co. (1957), 355 U.S. 220, 224, 78 S.Ct. 199, 201–202, 2 L.Ed.2d 223, implied consent has not been a due process requirement in the obtaining of jurisdiction and consent no longer need be implied in fact and that the legislature could and did raise the fiction of implied consent from the happening of the injury rather than the acts of defendant. This argument was advanced by the writer of this opinion in Chrischilles v. Griswold, supra, 260 Iowa at 464–465, 150 N.W.2d at 101–102; and Snakenburg v. Jason Mfg., Inc., supra, 157 N.W.2d at 113–114. See comment 54 Iowa Law Review 166–173. The court rejected it in both cases. See Bishop v. Emerson Electric Co. (S.D.Iowa, 1968), 284 F.Supp. 760, 762–763. The writer now joins the majority on the basis of stare decisis. We hold no jurisdiction was obtained over Marshfield as the method of service employed was not effective on the date service was attempted.

III. Eichmeier also argues that Iowa "long arm" statutes have existed since 1961 rather than 1963 because Chapter 287, Laws of 59th General Assembly was a consent statute and provided for substituted service on the secretary of state. It contained no provision for notifying defendant of the action or of the service of notice on the secretary of state. This act was repealed by Chapter 325, Laws of the 60th General Assembly previously referred to but was reenacted therein almost verbatim with additional provisions for mailing copies to the named defendant. Using as a basis the statements in Krueger v. Rheem Manufacturing Co., supra, 149 N.W.2d at 144, that personal service outside the state by registered or certified mail has generally been held to be remedial rather than substantive, Eichmeier argues the only change between 1961 and 1963 was procedural and no retroactivity was involved. He finds support for this argument in Jackman v. Century Brick Corporation of America (Mo.1967), 412 S.W.2d 111, 116.

The proposition now urged was not raised in the lower court and Marshfield cites cases supporting the rule that we will

not consider issues raised by appellant for the first time on appeal. Dimmitt v. Campbell (1967), 260 Iowa 884, 890, 151 N.W.2d 562, 566; Verschoor v. Miller (1966), 259 Iowa 170, 176, 143 N.W.2d 385, 389; B-W Acceptance Corporation v. Saluri (1966), 258 Iowa 489, 497, 139 N.W.2d 399, 404.·

Eichmeier in his reply argues the general rule does not apply when the question involves a decisive public statute which the court is judicially bound to know even though such statute was overlooked in the trial court. He cites Fourth National Bank of City of New York v. Francklyn (1886), 120 U.S. 747, 751–752, 7 S.Ct. 757, 30 L.Ed. 825; People ex rel. Sanitary District of Chicago v. Schlaeger (1945), 391 Ill. 314, 63 N.E.2d 382, 391; Megarry Bros. v. City of St. Thomas (N.D.1954), 66 N.W.2d 704, 708; 5 Am.Jur.2d, Appeal & Error, §§ 546, 548; 4 C.J.S. Appeal & Error § 242, in support of this proposition.

■ While we recognize there may be exceptions to the general rule, we do not believe one should be made here. In Hill v. Electronics Corporation of America (1962), 253 Iowa 581, 586, 113 N.W.2d 313, 316, appellant raised a very similar issue for the first time in the reply argument. Appellant there contended that if the "long arm" statute did not apply, the court could acquire jurisdiction under section 494.2, Code of Iowa by service on the secretary of state. We declined to consider the question as it had not been raised in the trial court.

The contention would have been of doubtful merit if properly raised. Although we have not, and do not now, pass upon the constitutionality of that act, we have recognized it posed serious due process questions. Tice v. Wilmington Chemical Corporation (1966), 259 Iowa 27, 36, 141 N.W.2d 616, 623. As we determined the legislature intended to make Chapter 325, 60th General Assembly prospective only, Eichmeier's position that it could legally

have been made retroactive, would not be material.

IV. Eichmeier urges us to apply a different rule to breach of warranty and strict liability cases claiming the continuing nature of the wrongs makes the date of injury the determinative date for retroactivity, not the date of the acts upon which the cause of action is founded. We applied a similar theory to the statute of limitations in Chrischilles v. Griswold (1967), 260 Iowa 453, 461, 150 N.W.2d 90, 100, but we also held there "defendant cannot be deemed to have consented to the appointment of the secretary of state [to be his service agent] by an act done prior to enactment of the statute". Chrischilles v. Griswold, supra, 260 Iowa at 463, 150 N.W.2d at 101. Under this view of the consent statute the act out of which the cause of action arises must occur after the effective date of the act regardless of the type of action instituted.

Having found no reversible error, we affirm the trial court.

Affirmed.

MOORE, C. J., and LARSON, MASON, LeGRAND, and REES, JJ., concur.

RAWLINGS and BECKER, JJ., dissent.

UHLENHOPP, J., takes no part.

RAWLINGS, Justice (dissenting).

I respectfully dissent. In support of this position see dissents in Krueger v. Rheem Manufacturing Co., 260 Iowa 678, 688, 149 N.W.2d 142, 148, and Snakenburg v. Jason Mfg., Inc., Iowa, 157 N.W.2d 110, 113. See also 54 Iowa L.Rev. 166. I would reverse.

BECKER, J., joins in this dissent.