**Winston H. WESSEL and Carmen Wessel, Plaintiffs–Appellees,**

v.

**Gary L. MUNCK and Janet C. Munck, Defendants–Appellants.**

No. 87–1379.

Court of Appeals of Iowa.

April 25, 1989.

Peter C. Riley of Tom Riley Law Firm, P.C., Cedar Rapids, for defendants-appellants.

James D. Bruhn of Schaff & Farwell, Clinton, for plaintiffs-appellees.

Considered by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Defendants, Gary and Janet Munck, appeal from an adverse ruling in an action for forcible entry and detainer. They assert the plaintiffs defaulted in their warranty of title, thus precluding forfeiture of the real estate contract. We disagree for reasons herein stated and accordingly affirm the decision of the trial court.

We review de novo. Iowa R.App.P. 4. We give weight to the findings of fact of the trial court, especially when considering the credibility of witnesses, but we are not bound by them. Iowa R.App.P. 14(f)(7).

The plaintiffs, Winston and Carmen Wessel, are the legal title holders to the farm in question. The Wessels sold their farm to Lawrence and Marjorie Schoening on an installment contract. The contract was signed by the respective parties on January 4 and February 25, 1977. Later in August of that year, the Schoenings sold the farm to the defendants, Gary and Janet Munck, again on an installment contract. The Muncks then took possession and were in possession at times material to this action.

Thereafter, the Muncks defaulted under their contract with the Schoenings by failing to pay the $12,000 plus interest due March 1, 1987, along with real estate taxes due by April 1, 1987, and the Schoenings defaulted on their contract with Wessels. As a result of the default by Schoenings, the Wessels served Schoenings and Muncks with a notice of forfeiture on June 23, 1987. The Schoenings failed to cure the default and Wessels recorded their affidavit in support of forfeiture on July 28, 1987. Muncks were served subsequently with a notice to quit. This forcible entry and detainer action then followed. The Schoenings are not parties to this action.

As an affirmative defense to the forcible entry and detainer action, the Muncks assert the Wessels are vendors in default and cannot therefore forfeit the contract. *See Youngblut v. Wilson*, 294 N.W.2d 813, 818 (Iowa 1980). They argue that an easement encumbers their title. The Muncks claim the Wessels breached their contract with the Schoenings for the easement was not of record at the time the Schoenings signed the Wessel–Schoening contract;[1] they argue further that even though the tile agreement was of record at the time they signed the Schoening–Munck contract, this does not bar them from challenging the forfeiture. They claim rights of privity of estate with Wessels by virtue of their contract with Schoenings.

It is agreed that this dispute focuses on the tile line easement that runs through the farm. The easement resulted from a 1968 agreement between parties then interested. In addition to providing the easement for the tile line, the agreement contained a restriction that limited the use of the tile line to farming operations.

At the time Schoenings purchased the farm from Wessels, he was represented by Attorney Daniel Condon. Mr. Schoening asked about the tile running through the land. Mr. Condon then remembered that he had prepared the tile agreement, but failed to record it. He caused the agreement to be filed on January 7, 1977.

The Schoenings were aware of the tile easement in August or September of 1976. Factually, it appears they were aware of the tile easement when they made their offer of purchase in 1976. Mr. Schoening testified:

Q. When did you first become aware of such an easement? A. [MR. SCHOENING] Well, when the real estate agent was out, Mr. Denahy.

Q. And when was that, time frame? A. Well, that was in August or September.

Q. Of what year? A. 1976, when we gave an offer to purchase.

Q. And when you signed that contract on January 4 of '77 were you aware of that easement? A. Yes.

Q. Did you have any objection to it? A. No.

Q. Have you at any time ever felt that that easement was a breach of your contract with Winston B. Wessel and Carmen Wessel? A. No.

The Schoenings sold the farm in question to the Muncks in August of 1977.[2] By that date, the tile easement was a matter of record. Attorney Dan Condon represented both the Schoenings as sellers and the Muncks as buyers. He prepared the real estate installment contract for the parties and rendered a title opinion for the Muncks.

The title opinion of Mr. Condon is dated October 7, 1977. It is addressed to the Muncks and contains a paragraph that refers to the tile agreement and easement which the Muncks complain of in this proceeding. In addition, when the title opinion was mailed to the Muncks, a complete copy of the tile agreement was enclosed.

---

1. This contract which carries the date of January 4, 1977, but was not signed by the vendees until January 25, 1977, excepts from the warranty of title restrictive covenants and easements of record. Although the vendees were aware of the tile easement in dispute, it was not filed until January 7, 1977.

2. This contract required the sellers to continue the abstract to the date of the contract for buyers examination. The buyers were to reduce their objections to the title in writing. Upon satisfaction of any valid objections, the title is to be deemed acceptable to the buyers.

The Muncks, in their reply brief before this court, admit the easement was of record at the time they entered into the installment contract of sale with the Schoenings. They further admit that as a result of such recording they had constructive notice of its existence. But they take the position that constructive notice is not a defense to "an action for a breach of conveyance of title." Muncks argue further that "because subsequent purchasers are bound by an interest of which they have constructive notice, they by necessity need a right of action against those who breach this warranty of title."

Breach of warranty is used in this action only as an attempt to defeat forfeiture. Neither the Schoenings nor the Muncks are demanding title; nor do they contemplate doing so. Factually the Muncks are not ready and willing to perform under their contract with the Schoenings nor are they willing to perform under the Wessel-Schoening contract even though such right exists under their contract with the Schoenings.

The Muncks admit they are in default. In all likelihood, it was their default that caused the Schoenings' default. They also admit the Schoenings are in default under the Schoening–Wessel contract and admit the Schoenings failed to cure the default.

We recognize the principle of law that a vendor in default cannot forfeit a contract. *Youngblut v. Wilson,* supra. However, it is a general principle of law that has its exceptions. *Warren v. Yocum,* 223 N.W.2d 258, 261 (Iowa 1974). The *Warren* court quoted the following from *McCubbin v. Urban,* 247 Iowa 862, 864–65, 77 N.W.2d 36, 38 (1956):

The general rule is that a title, which a vendor must furnish under an executory contract for the sale of land calling therefor, must ordinarily be good title as of the date when it is required by the contract to be furnished.

Moreover, the court in *Wemer v. Long,* 185 N.W.2d 243 (Iowa 1971), after recognizing the aforesaid principle of law, stated:

However a vendee also in default cannot compel performance nor secure a forfeiture of vendor's rights because of the failure of vendor on his part to comply. (citations)

The vendee of a contract cannot be heard to complain of a defect in the vendor's title prior to the time he is entitled to performance of the contract, particularly where the defect is one which may be removed, and a claim of title defect by defaulting purchaser will not excuse or avoid a forfeiture. (citation)

We hold that the principle of law that a vendor in default cannot forfeit his contract has no application under the facts and circumstances of this case. The vendee is clearly in default and has no intentions whatsoever of performing under the contract. He has not tendered payment nor does he intend to do so. In addition, the existence of the tile line was not the reason for the default. These circumstances distinguish the case at bar from those cited by the Muncks.

The decision of the district court is affirmed.

AFFIRMED.